IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| JOSHUA LEE SMITH,<br><br>*Plaintiff*,<br><br>v.<br><br>TWIN COUNTY REGIONAL HEALTHCARE,<br>FOUR UNNAMED DOCTORS AND NURSES<br>OF TWIN COUNTY REGIONAL<br>HEALTHCARE (DOCTOR A AND NURSES<br>B, C, D);<br><br>KARL R. HADE, EXECUTIVE SECRETARY OF<br>THE SUPREME COURT OF VIRGINIA, in his<br>Official capacity,<br>JUDGE F, in his official capacity;<br><br>CARROLL COUNTY SHERIFF KEVIN A.<br>KEMP, in his official capacity,<br>FIVE UNNAMED POLICE DEPUTIES OF<br>CARROLL COUNTY SHERIFF'S OFFICE<br>(DEPUTIES V, W, X, Y, AND Z),<br>in their individual and official capacities;<br>NEW RIVER VALLEY REGIONAL JAIL<br>AUTHORITY,<br>THREE UNNAMED OFFICERS OF NEW RIVER<br>VALLEY REGIONAL JAIL<br>(JAIL OFFICERS 1, 2, 3),<br>in their individual and official capacities, and<br><br>DOE OFFICERS 4 and 5,<br><br>*Defendants*. | 7:22-cv-00238-EKD |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO
CONDUCT LIMITED EXPEDITED DISCOVERY**

1

Plaintiff hereby submits this Memorandum in support of his Motion for Leave to Conduct Limited Expedited Discovery. Plaintiff seeks an order authorizing him to take limited expedited discovery in the form of a subpoena duces tecum to Twin County Regional Healthcare, Carroll County Sheriff's Office, and New River Valley Regional Jail seeking only the names and identities of the Doctor A; Nurse B, Nurse C, and Nurse D; Judge F; Deputies V–Z ; and Jail Officers 1–3; and Doe Officers 4 and 5 (hereinafter "Doe Defendants") and requiring each party to respond to that subpoena within fifteen calendar days of the date of service.

## BACKGROUND

Plaintiff Mr. Joshua Smith brings claims against Defendants for compensatory and punitive damages for violation of his rights under the Fourth and Fourteenth Amendment to the United States Constitution, the Americans with Disabilities Act, the Affordable Care Act, the Virginia Medical Malpractice Act, and state tort claims of Assault, Battery, Negligence, Negligent Infliction of Emotional Distress and Intentional Infliction of Emotional Distress. The Complaint, in short, alleges that Plaintiff was unlawfully and unconstitutionally denied life-saving medical care and that this denial, which occurred while Plaintiff was in Defendants' custody, caused Plaintiff's permanent paralysis and emotional distress.

The Complaint asserts claims against several unknown individuals who are medical providers and staff employed by Twin County Regional Healthcare; Carroll County Sheriff Kevin A. Kemp, several unknown individuals believed to be duly sworn Sheriff's Deputies; and several unknown individuals believed to be officers employed by New River Valley Regional Jail.

In an effort to avoid unnecessary litigation, counsel attempted to avoid this motion by accessing records through an email request to Defendants' offices. Unfortunately, this information was not provided to counsel before the date of filing.

## ARGUMENT

The motion seeks authorization to take limited, expedited discovery regarding the true names and identities of the "Doe Defendants."

Turning first to the usage of "Doe" defendants generally, [i]n the Fourth Circuit, "John Doe suits are only permissible against 'real, but unidentified defendants.'" ChidiNjoku v. Unknown Special Unit Staff, 217 F.3d 840 (4th Cir. 2000) (citing Schiff v. Kennedy, 691 F.2d 196, 197 (4th Cir. 1982)). The designation of John Doe is generally not favored in federal courts and is only appropriate "when the identity of the alleged defendant is not known at the time the complaint is filed and the plaintiff is likely to be able to identify the defendant after further discovery." Id. (citing Roper v. Grayson, 81 F.3d 124, 126 (10th Cir. 1996); Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)). Our case is such that Doe Defendants are permissible because Plaintiff cannot identify the Defendants but will be able to do so with relative ease after serving the third-party subpoenas requested herein. As such, this Court has authority to grant such relief under the Federal Rules of Civil Procedure.

**A. Circuit Courts Unanimously Permit Discovery to Identity Doe Defendants.**

Federal Circuit Courts have unanimously approved the procedure of suing Doe defendants and then using discovery to identify such defendants. For example, the Second Circuit stated in Davis v. Kelly, 160 F.3d 917, 921 (2d Cir. 1998) that "courts have rejected the dismissal of suits against unnamed defendants . . . identified only as 'John Doe's' . . . until the plaintiff has had some opportunity for discovery to learn the identities." See also Penalbert-Rosa v. Fortuno-Burset, 631 F.3d 592, 596 (1st Cir. 2011) ("A plaintiff who is unaware of the identity of the person who wronged her can . . . proceed against a 'John Doe's' . . . when discovery is likely to reveal the identity of the correct defendant."). Accord Schiff v. Kennedy, 691 F.2d 196, 198 (4th Cir. 1982);

Brown v. Owens Corning Inv. Review Comm., 622 F.3d 564, 572 (6th Cir. 2010); Blakeslee v. Clinton County, 336 Fed. Appx. 248, 250 (3d Cir. 2009); Young v. Transp. Deputy Sheriff, 340 Fed. Appx. 368 (9th Cir. 2009); Green v. Doe, 260 Fed. Appx. 717, 719 (5th Cir. 2007); Krueger v. Doe, 162 F.3d 1173 (10th Cir. 1998); Dean v. Barber, 951 F.2d 1210, 1215 (11th Cir. 1992); Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985); Maclin v. Paulson, 627 F.2d 83, 87 (7th Cir. 1980).

Furthermore, Rule 26(d)(1) specifies that, generally, a party may not seek discovery from any source before the required Rule 26(f) conference is held, but it contemplates that a party may take discovery on an expedited schedule if authorized by the court. *See* Fed. R. Civ. P. 26(d)(1). District courts have wide discretion in discovery matters; specifically, Rule 26(b)(2) provides that the court may alter the frequency and extent of discovery as guided by the subsections in the Rule. Fed. R. Civ. P. 26(b)(2). The Court has "wide latitude in controlling discovery and . . . its rulings will not be overturned absent a showing of clear abuse of discretion." Rowland v. Am. Gen. Fin., Inc., 340 F.3d 187, 195 (4th Cir. 2003). The discovery rules contained in the Federal Rules of Civil Procedure provide tools for a court to adjust the discovery time outlined by Rule 26, and "if warranted, to expedite the time for responding to the discovery sought." Physicians Interactive v. Lathian Sys., Inc., No. CA 03-1193-A, 2003 U.S. Dist. LEXIS 22868, 2003 WL 23018270, at *4 (E.D. Va. Dec. 5, 2003). Courts have found that immediate discovery "should be granted when some unusual circumstances or conditions exist that would likely prejudice the party if he were required to wait the normal time." Fimab-Finanziaria Maglificio Biellese Fratelli Fila, S.p.A. v. Helio Import/Export, Inc., 601 F. Supp. 1, 3 (S.D. Fla. 1983) (citing Gibson v. Bagas Rests., 87 F.R.D. 60, 62 (W.D. Mo. 1980)).

In McMann v. Doe, the court held that leave to file subpoenas for early discovery should be granted if there is a showing of irreparable harm and need to proceed ex parte. McMann v. Doe, 460 F. Supp. 2d 259, 265-66 (D. Mass. Oct. 31, 2006). When these factors are proven, expedited discovery is needed to ensure that "justice is done to end the alleged harm." Id. at 266; Hard Drive Prods. v. Doe, 2011 U.S. Dist. LEXIS 73159, *3-4 (E.D. Va. July 1, 2011).

Courts have allowed parties to conduct expedited discovery upon a showing of good cause for the requested departure from the usual discovery procedures. Warner Bros. Records, Inc. v. Does, 1-6, 527 F. Supp. 2d 1, 2 (D.D.C. 2007) (citing Ellsworth Associates, Inc. v. U.S., 917 F. Supp. 841 (D.D.C. 1996); Semitool, Inc. v. Tokyo Electron Am. Inc., 208 F.R.D. 273, 275-76 (N.D. Cal. 2002)); see also Qwest Comm. Int'l, Inc. v. WorldQuest Networks, Inc., 213 F.R.D. 418, 419 (D. Colo. 2003) (collecting cases); 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2046 ("Although [Rule 26(d)] does not say so, it is implicit that some showing of good cause should be made to justify [a court order authorizing expedited discovery], and courts presented with requests for immediate discovery have frequently treated the question whether to authorize early discovery as governed by a good cause standard.").

Courts have consistently recognized the need for expedited discovery where, as here, a plaintiff's civil rights suit cannot go forward without the limited discovery that would enable the plaintiff to identify the unnamed defendants. Alston v. Parker, 363 F.3d 229, 233 n.6, 236 (3d Cir. 2004) (observing that expedited discovery aimed at identifying the proper defendants is "often beneficial" and urging district courts to "strongly consider" granting such discovery); Warner Bros. Records, Inc. v. Does, 1-6, 527 F. Supp. 2d 1, 3 (D.D.C. 2007) (finding good cause and granting limited expedited discovery as to the true identities of the defendants because such

information was "crucial to the prosecution of Plaintiff's claims" and "the litigation [could not] go forward" without it); LaFace Records LLC v. Does, No. 08-1659, 2008 U.S. Dist. LEXIS 78533, at *1 (D.D.C. Oct. 6, 2008) (finding good cause for plaintiff to take limited expedited discovery from nonparty "because Defendants must be identified before this suit can progress further."); Chung v. U.S. Dept. of Justice, No. 00-cv-1912, 2001 U.S. Dist. LEXIS 25302, at *6-8 (D.D.C. 2001), *aff'd in part, rev'd in part on other grounds, and remanded*, 333 F.3d 273 (D.C. Cir. 2003) (collecting cases holding that district court should allow limited discovery after filing of complaint to permit plaintiff to learn the facts necessary to identify and serve Doe defendants).

### B. Good Cause Exists to Grant the Motion.

This Court should grant Plaintiff's motion because he has good cause. Pre-complaint investigation allowed Plaintiff to plead in good faith that Doe Defendants denied him care in the midst of a medical emergency because they assumed that he was seeking drugs, and that Doe Deputies subjected Plaintiff to excessive force which exacerbated and made permanent Plaintiff's injuries. Plaintiff has access to his public arrest record, which provides the date and the approximate location(s) where those injuries occurred. Plaintiff has sought, to no avail, responses from the Carroll County Sheriff's Office and Carroll County officials containing names of deputies and officers involved in the events on or around May 3, 2020.

Despite his best efforts, Plaintiff is and has been unable to ascertain the full identities of the specific individual(s) at Twin County Regional Healthcare who were working in the Emergency Room on the night of May 3, 2020 who denied him care during a medical emergency. Plaintiff also seeks to ascertain the identities of specific individual(s) at the Carroll County Sheriff's Office and the New River Valley Jail who arrested him, subjected him to a rough ride in the back of a police van, delayed his access to medical care, and subjected him to excessive

force. Plaintiff also seeks to ascertain the full identity of the magistrate judge who is alleged to have presided over his bond hearing on or around midnight on the night of May 3, 2020 and/or the morning of May 4, 2020. Plaintiff's investigation has revealed, pursuant to court officials' representations, that no transcript nor public record of this hearing exists. Plaintiff will be able to obtain information as to the names and identities of these Defendants sufficient to pursue his civil rights action through a narrow subpoenas duces tecum.

Authorizing limited expedited discovery also advances Defendants' interests by enabling Plaintiff to provide them with prompt notice of the claims against them. In the absence of limited expedited discovery, Plaintiff will be significantly prejudiced and may be unable to litigate his claims against the unknown individual defendants who violated his rights and irreversibly altered his life by leaving him permanently paralyzed.

Plaintiff, accordingly, seeks leave to immediately serve expedited subpoenas duces tecum on Defendants Twin County Regional Healthcare, Carroll County Sheriff's Office, and New River Valley Regional Jail to identify the true names of the Doe Defendants. Plaintiff respectfully requests that the Court direct defendants to respond to Plaintiff's expedited subpoenas duces tecum within fifteen days rather than the usual thirty days accorded for discovery responses. The shorter response period is appropriate in light of the need for the expedited discovery and the narrow scope of the expedited discovery requests.

## CONCLUSION

For the foregoing reasons, this Court should grant Plaintiff's motion. A Proposed Order is filed herewith.

Dated: May 4, 2022                                                  Respectfully submitted,

*/s/Aderson Francois*
Aderson Francois (D.C. Bar No. 498544)

(*pro hac vice pending*)
Lucia Goin (D.C. Bar. No. 1739389)
(*pro hac vice pending*)
Marissa K. Hatton (D.C. Bar No. 219291)
(*pro hac vice pending*)
CIVIL RIGHTS CLINIC
GEORGETOWN UNIVERSITY LAW CENTER
600 New Jersey Avenue NW, Suite 352
Washington, DC 20001
(202) 661-6721
(202) 662-9546
Aderson.Francois@georgetown.edu
Lucia.Goin@georgetown.edu
Marissa.Hatton@georgetown.edu


*/s/Joshua Erlich*
Joshua Erlich (VSB No. 81298)
THE ERLICH LAW OFFICE, PLLC
2111 Wilson Blvd. #700
Arlington, VA 22201
Tel: (703) 791-9087
Fax: (703) 722-8114
Email:jerlich@erlichlawofice.com

*Counsel for Plaintiff*


## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2022, I filed a copy of the foregoing document with the Clerk of the Court using the CM/ECF system, which will provide copies to all counsel of record. As this matter has not yet been served, there are no parties for whom service is necessary.

*/s/ Joshua Erlich*
Counsel for Plaintiff