IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **JOSHUA LEE SMITH,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | Civil Action No.: 7:22-cv-238 |
| | ) | |
| v. | ) | |
| | ) | |
| **TWIN COUNTY REGIONAL** | ) | By: Hon. Robert S. Ballou |
| **HEALTHCARE,** *et al.***,** | ) | United States Magistrate Judge |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER

Plaintiff seeks leave of court to conduct expedited discovery in this excessive force case, to discover the identity of certain unnamed defendants. Dkt. 5. Plaintiff filed a Complaint in this Court on May 3, 2022, against defendants known and unknown, asserting claims of excessive force, violation of substantive due process, violation of procedural due process, violations of the Americans with Disabilities Act, violations of the Patient Protection and Affordable Care Act, medical malpractice, battery, assault, negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress. Dkt. 1. Two days later, Plaintiff filed this motion for leave to conduct expedited discovery, seeking to serve subpoenas duces tecum on named defendants to discover the identity of unnamed defendants. Plaintiff asserts that he attempted to avoid this motion by accessing records through email requests to Defendants' offices, but he did not receive the information prior to filing the motion. Dkt. 5, p. 2. Defendants have not yet been served with the Complaint and have not made an appearance in the case. For the reasons set forth below, I **DENY** Plaintiff's motion for leave without prejudice.

The Federal Rules of Civil Procedure specify that a party may not seek discovery from any source prior to the required Rule 26(f) conference, but that discovery may be taken on an expedited schedule if authorized by the court. See Fed. R. Civ. P. 26(d)(1). Indeed, "expedited discovery is not the norm." Guttenberg v. Emery, 26 F. Supp. 3d 88, 97 (D.D.C. 2014). Courts may authorize expedited discovery upon a showing of good cause, considering the totality of the circumstances in which the motion is presented. See Azima v. Rosso, No. 1:20cv954, 2020 WL 13032697, at * 1 (M.D.N.C. Dec. 14, 2020); Carter v. Ozoeneh, No. 3:08cv614, 2009 WL 1383307, at *3 (W.D.N.C. May 14, 2009); 8A Charles Alan Wright, et al., Federal Practice and Procedure § 2046.1 (3d ed.) (courts "have frequently treated the question whether to authorize early discovery as governed by a good cause standard").

"Typically, '[t]o determine whether a request [for early discovery] is reasonable, courts look to five factors: (1) whether a motion for preliminary injunction is pending, (2) the discovery request's breadth, (3) the purpose for requesting expedited discovery, (4) the burden on the defendant to comply with the requested discovery, and (5) how far in advance of the typical discovery process the request is made.'" Allen v. City of Graham, No. 1:20CV997, 2021 WL 2037983, at *6 (M.D.N.C. May 21, 2021) (quoting Garnett v. Zeilinger, No. 17cv1757, 2017 WL 8944640, at *1 (D.D.C. Dec. 15, 2017)).

Here, Plaintiff provides no good cause for expedited discovery, aside from his inability to ascertain the identity of specific defendants. Plaintiff argues that good cause exists because, "despite his best efforts" he has been unable to ascertain the identities of the specific individuals working at Twin County Regional Healthcare, the Carroll County Sheriff's Office, and the New River Regional Jail against whom he intends to assert claims. Plaintiff asserts that expedited discovery will allow him to obtain the names and identities of those individuals, and will

advance Defendants' interests to provide them with prompt notice of the claims against them. Plaintiff claims that without expedited discovery, he will be "significantly prejudiced and may be unable to litigate his claims against the unknown individual defendants who violated his rights." Dkt. 5, p. 7. Plaintiff provides no basis or further explanation as to how or why he would suffer significant prejudice by following the usual and normal course of discovery.

Unknown identity of a party alone is not good cause to warrant expedited discovery, especially where the defendants have not yet entered an appearance in the case. See Fuller v. Dixon, No. 7:21cv40-D, 2021 WL 3909659, at *2 (E.D.N.C. Aug. 31, 2021) (denying plaintiff's request for expedited discovery to identify John Doe defendants); Azima, 2020 WL 13032697, at * 2 (denying plaintiff's request to issue expedited third party subpoenas prior to defendant's deadline to respond to the complaint); Carter, 2009 WL 1383307, at *3 (denying plaintiff's request for expedited discovery to identify John Doe defendants).

In Allen v. City of Graham, the court disagreed with the plaintiff's contention that courts routinely authorize limited early discovery to ascertain the identity of John Doe defendants, noting that decisions permitting expedited discovery to identify unknown defendants usually arise "when the plaintiff simultaneously can identify no defendants and legitimately fears that information leading to their whereabouts faces imminent destruction." No. 1:20cv97, 2021 WL 2037983, at *5, n. 10 (M.D.N.C., May 21, 2021) (quoting Facebook, Inc. v. Various, Inc., No. C-11-1805, 2011 WL 2437433, at *3 (N.D. Cal. June 17, 2011)). The court further noted that the interests of judicial efficiency and fairness do not warrant allowing expedited discovery because it is always more efficient from a plaintiff's perspective to obtain discovery from parties and non-parties before the Rule 26(f) conference, but the federal rules dictate a different procedure.

Id. (quoting Megaupload. Ltd. v. Universal Music Grp., Inc., No. 11CV6216, 2012 WL 243687, at *3 (N.D. Cal. Jan. 25, 2012)).

Here, the totality of the circumstances weighs against allowing Plaintiff leave to conduct expedited discovery. There are no preliminary motions pending, and Plaintiff has alleged no potential threat of harm or that the information sought is likely to disappear without expedited discovery.  Plaintiff did not provide the proposed subpoenas to be served upon Twin County Regional Healthcare, the Carroll County Sheriff's Office, and the New River Valley Regional Jail; thus, this court cannot determine if the discovery sought is narrowly tailored to obtain information relevant to the defendants' identities. Plaintiff's purpose for requesting expedited discovery, as discussed above, is to identify unknown defendants, which can be accomplished in the normal course of civil discovery. Further, Plaintiff's request is made well in advance of the typical discovery process, coming two days after filing the Complaint, and prior to any defendant making an appearance in the case. Thus, Plaintiff has not established good cause to conduct expedited discovery in this case.

Certainly, this Court may adjust the discovery timeline outlined in Rule 26 and will do so as necessary given the circumstances of the case.  It may well be appropriate for the Court to provide an expedited discovery schedule once the named Defendants make an appearance in this case.  However, given the current facts of the case, I do not find good cause to order expedited discovery, and Plaintiff's Motion for Leave to Conduct Expedited Discovery (Dkt. 5) is **DENIED**.

Entered:  May 11, 2022

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge