IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOSHUA LEE SMITH, <br><br> Plaintiff, <br><br> v. <br><br> TWIN COUNTY REGIONAL HEALTHCARE, et al., <br><br> Defendants. | Case No. 7:22-cv-00238-EKD-RSB |

**MEMORANDUM IN SUPPORT OF**
**MOTION TO DISMISS**

Defendant Karl R. Hade, Executive Secretary of the Supreme Court of Virginia, in his official capacity, by counsel, under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, moves to dismiss the single claim against him in the Complaint filed by Plaintiff Joshua Lee Smith. The Court lacks subject matter jurisdiction to adjudicate Smith's Americans with Disabilities Act (ADA) claim because Executive Secretary Hade is entitled to judicial immunity from claims for money damages. The Complaint also fails to state an ADA claim because Smith's claim is time-barred under the applicable one-year statute of limitations, and any amendment is futile. Finally, Hade is not a proper defendant on an ADA claim arising from courthouse facilities, which are provided and owned by the local governing body under state law.

I.   **FACTUAL BACKGROUND**

   A.   **Factual Allegations and ADA Claim Against Executive Secretary Hade**

In the Complaint, Smith asserts 12 claims against 19 defendants arising from his 2020 arrest. This memorandum focuses on the factual allegations and single claim asserted against Executive Secretary Hade. Smith sues Hade in his official capacity as "the Executive Secretary

for the Office of the Executive Secretary of the Virginia Supreme Court" and argues that Va. Code § 17.1-315 imposes on Hade a duty to "assist the Chief Justice and the Supreme Court in the administration of the judicial branch of the government to the end that . . . the administration of justice [may be] improved in the courts of the Commonwealth." Compl. caption, ¶¶ 11, 205.

The Complaint contains no factual allegations about any specific involvement or conduct by Executive Secretary Hade in Smith's 2020 arrest. The only claim against Hade is an ADA claim. *See* Compl. ¶¶ 203-215. Smith states in support that he has "a substance use disorder that substantially limits his major life activities, including thinking, communicating, eating, walking, breathing, and working" and that he "suffers from osteomyelitis, sciatic nerve damage, and degenerative disk disease as a result of a previous spinal surgery." *Id.* ¶¶ 206, 207. He asserts that he is "a qualified individual with a disability as defined in 42 U.S.C. § 12102" and that he "is entitled to equal access to public services, including courthouses . . . ." *Id.* ¶¶ 208, 209.

Smith asserts that the Office of the Executive Secretary "assists with [ADA] accommodations for public programs and services of Magistrate judges of the Commonwealth of Virginia" and "has a duty to comply with the requirements of Title II of the ADA and make all reasonable modifications to policies and programs to ensure that people with disabilities have an equal opportunity to enjoy all of its programs, services, and activities." Compl. ¶¶ 11, 209. He concludes, without factual support, that that Executive Secretary Hade "failed to comply with the requirements of Title II of the ADA by failing to make all reasonable modifications to policies, practices, and programs to ensure that people with disabilities have an equal opportunity to enjoy all . . . programs, services, and activities," allegedly "constitut[ing] discrimination on the basis of [a] disability that prevented Mr. Smith from equally accessing public services." *Id.* ¶¶ 214, 215.

### B. Factual Allegations and ADA Claim Against Unnamed "Judge F"

Smith implies that Executive Secretary Hade is responsible for the actions of unnamed "Judge F," identified only as "an officer of the unified judicial system of the Commonwealth of Virginia" who "presided over Mr. Smith's bond hearing on or about May 3, 2020."[1] Compl. ¶ 12. He alleges that he was seeking treatment for pain and numbness at a hospital in Galax when, "at approximately midnight," an unnamed Carroll County Sheriff's Deputy arrested him and transported him to "the Carroll County General District courthouse for a bond hearing at a local magistrate's office" on an outstanding 2015 probation violation failure to appear charge. *Id.* ¶¶ 34-35, 39, 51, 56. Smith claims that additional unnamed deputies brought him before Judge F while he "continued to cry out in pain and plead for medical help," and they "presented a speech to Judge F . . . frequently referring to [Smith's] substance use disorder." *Id.* ¶¶ 70, 71.

The Complaint's factual allegations against Judge F state that in a "forty-five minute[]" bond hearing, Judge F informed Smith that he was there on the 2015 failure to appear charge and that "the exchange between the two would determine whether Mr. Smith would be taken to jail, or whether Mr. Smith would be able to go home on bond." Comp. ¶¶ 72, 76. Judge F allegedly observed that Smith "could not stand," and told him: "'If you can stand up and talk to me like a man, you can go home.'" *Id.* ¶ 73. Smith claims that because of his "present neurological function and inability to use his legs," which he characterizes as "consequences of his disability," he was "unable to comply" with "Judge F's requirement for bond." *Id.* ¶ 74. He states that he "remained on the floor," and "Judge F told him, 'we know you're faking this,' and called him a 'junkie.'" *Id.* ¶ 75. Smith asserts that Judge F "then denied Mr. Smith bond because he could not stand up." *Id.* After the hearing, unnamed deputies took Smith to a jail. *Id.* ¶ 79.

---

[1] Smith sues Judge F variously "in his official capacity" and "in his official and individual capacities." Compl. caption, ¶¶ 12, 204. "Title II of the ADA does not provide for individual capacity suits against state officials." *Barnes v. Young*, 565 F. App'x 272, 273 (4th Cir. 2014).

3

In support of his ADA claim, Smith alleges that Judge F denied him "the ability to defend himself in a judicial proceeding by conditioning the outcome of his hearing on an activity that [Smith] could not complete because of his disability." Compl. ¶ 210. He also asserts that Judge F denied him "equal access to the courts by forcing him to lie on the floor for the duration of the hearing" and by "fail[ing] to provide a reasonable accommodation for seating at the hearing, such as a wheelchair or a chair." *Id.* ¶¶ 211, 212. Smith offers an unsupported legal conclusion that Judge F "acted outside all jurisdiction because he abandoned his judicial duties when he conditioned bail on an action that [Smith], because of his disability, could not take." *Id.* ¶ 213.

### C. Damages and Relief Sought on ADA Claim against Hade

The Complaint asserts that Smith suffered various damages including physical injuries, pain and suffering, and mental and emotional distress. *See* Compl. ¶¶ 273-275. Smith seeks, inter alia, a declaratory judgment that Executive Secretary Hade violated the ADA, compensatory and punitive damages, and recovery of his costs and attorneys' fees. *See id.* ¶¶ (a)-(d).

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

A motion to dismiss under Rule 12(b)(1) tests a court's subject matter jurisdiction over a plaintiff's claims. "The plaintiff has the burden of proving that subject matter jurisdiction exists." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). In deciding a Rule 12(b)(1) motion, "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id*. The court must, however, "view[] the alleged facts in the light most favorable to the plaintiff, similar to an evaluation pursuant to Rule 12(b)(6)." *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). Dismissal under Rule 12(b)(1) is proper "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of

4

law," *Evans*, 166 F.3d at 647, but "a federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction." *Lovern*, 190 F.3d at 654.

    **B.**    **Rule 12(b)(6)**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has stated a claim. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff is required to state facts sufficient to "raise a right to relief above the speculative level," alleging a claim that is plausible rather than merely "conceivable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). To determine whether the plaintiffs' claims meet this plausibility standard, the Court should take as true all well-pleaded facts in the Complaint and any attachments. *See Sec'y of State for Defense v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). While the Court should "draw[] all reasonable factual inferences from those facts in the plaintiff's favor," *Edwards*, 178 F.3d at 244, it "need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *Turner v. Thomas*, 930 F.3d 640, 644 (4th Cir. 2019).

**III.**    **ARGUMENT**

    **A.**    **This Court lacks subject matter jurisdiction because absolute judicial immunity bars Smith's ADA claim for money damages against Hade.**

The Court should dismiss Smith's ADA claim under Rule 12(b)(1) because Executive Secretary Hade is entitled to absolute judicial immunity under the facts alleged in the Complaint.

    **i.**    **The ADA claim against Hade is a claim against a public entity, the Commonwealth, based on the alleged statutory violations of its agents.**

Title II of the ADA provides that: "Subject to the provisions of this title, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in

or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. A claim under Title II of the ADA must be asserted against a "public entity," which includes "any State or local government" or "any department, agency, special purpose district, or other instrumentality of a State or States or local government." *Id.* § 12131(1)(A), (B). Title II of the ADA authorizes actions by private citizens for money damages against public entities for violations of § 12132. *See id.* § 12133.

An ADA claim must be brought against the "public entity" itself, 42 U.S.C. § 12132, and liability may be imposed on the public entity "for the statutory violations of its agent." *Rosen v. Montgomery Cty.*, 121 F.3d 154, 157 n.3 (4th Cir. 1997). "ADA claims for damages against the defendants in their official capacity" are "claims made against the state." *Fauconier v. Clarke*, 966 F.3d 265, 280 (4th Cir. 2020). Thus, Smith's official capacity ADA claim against Executive Secretary Hade is a claim against the Commonwealth of Virginia for alleged statutory violations by its agents who work in the state court system. Moreover, because the Complaint contains no factual allegations about any specific involvement or conduct by Executive Secretary Hade in Smith's 2020 arrest, the official capacity claim ADA against Hade apparently relies exclusively on the judicial actions allegedly taken by unnamed "Judge F" during the bond hearing.

        **ii.**        **Absolute judicial immunity protects judicial acts.**

Judges have absolute judicial immunity from money damages claims arising from their judicial acts, "even if [their] exercise of authority is flawed by the commission of grave procedural errors" and "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 356, 359 (1978). In *Stump*, the Court found that judicial immunity barred all claims against a judge who had ordered the forced sterilization of a 15-year-old girl without her knowledge. *Id.* at 351-53, 364.

Judicial immunity is "a general principle of the highest importance to the proper administration of justice," recognizing that "a judicial officer, in exercising the authority vested in him, should be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump*, 435 U.S. at 355. "Despite the unfairness to litigants that sometimes results," this doctrine is "in the best interests of the proper administration of justice, for it allows a judicial officer, in exercising the authority vested in him to be free to act upon his own convictions, without apprehension of personal consequences to himself." *Id.* at 363.

Further, judicial immunity "is an immunity from suit, not just from ultimate assessment of damages," and thus it "is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Rather, it may be overcome in only two circumstances. *See id.* "First, a judge is not immune from liability for nonjudicial actions, *i. e.*, actions not taken in the judge's judicial capacity." *Id.* An action is judicial when "it is a function normally performed by a judge," and the parties "dealt with the judge in his judicial capacity." *Id.* at 12.

"Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 12. Moreover, "the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump*, 435 U.S. at 356. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Id.* at 356-57.

As at issue here, judicial immunity applies to ADA claims. *See, e.g.*, *Cannady v. Hogan*, No. J10-21-0869, 2021 U.S. Dist. LEXIS 128346, at *6-8 (D. Md. July 8, 2021) (finding that a judge was entitled to judicial immunity from an ADA claim based on an order requiring a litigant

7

who was susceptible to COVID-19 to appear in court in person); *Fuller v. Holt*, No. 5:18-CV-00059-FL, 2018 U.S. Dist. LEXIS 226307, at *3-4, 10-11 (E.D.N.C. Nov. 21, 2018) (dismissing an ADA claim against judges and court personnel with prejudice for decisions "made from the bench" during court proceedings regarding accommodations requested by a litigant with ADHD and migraines, because such decisions are "judicial in nature, and thus trigger judicial and quasi[-]judicial immunity"); *Green v. North Carolina*, No. 4:08-CV-135-H, 2010 U.S. Dist. LEXIS 100027, at *4-5, 8-9 (E.D.N.C. Sep. 21, 2010) (holding that an ADA claim "that the state court should have ensured that [a litigant with visual impairments and ambulatory disabilities] was reasonably accommodated" arose "out of actions by the superior court judge and/or the clerk of court within their capacities as judicial officers" and is thus barred by judicial immunity).

### iii. Hade is entitled to judicial immunity for Judge F's judicial acts.

The Complaint pleads that unnamed Judge F was a magistrate who "presided over Mr. Smith's bond hearing on or about May 3, 2020." Compl. ¶ 12. "As judicial officers, magistrates are entitled to absolute immunity for acts performed in their judicial capacity." *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987). A magistrate is "a judicial or quasi-judicial officer authorized to issue arrest and search warrants, commit arrested persons to jail or admit them to bail, or conduct preliminary hearings." Va. Sup. Ct. R. 3A:2(b)(5). Magistrates possess statutory subject matter jurisdiction "[t]o admit to bail or commit to jail all persons charged with offenses subject to the limitations of and in accord with general laws on bail." Va. Code § 19.2-45(3).

"Issuing arrest warrants and setting bail are clearly judicial acts, and fall within a state magistrate's subject matter jurisdiction under Virginia law." *Cadmus v. Williamson*, No. 5:15-CV-045, 2016 U.S. Dist. LEXIS 30628, at *23-24 (W.D. Va. Mar. 9, 2016); *see Day v. City of Hampton*, No. 99-1160-AM, 2001 U.S. Dist. LEXIS 27225, at *3, 8-9 (E.D. Va. June 14, 2001)

(finding that a magistrate conducting a bond hearing "is clearly entitled to the cloak of absolute judicial immunity"), *aff'd sub nom.*, *Day v. Spratley*, 21 F. App'x 183 (4th Cir. 2001).

Judge F acted in his or her judicial capacity and within the subject matter jurisdiction granted to magistrates in the Code of Virginia when Judge F presided at Smith's May 3, 2020 bond hearing and denied bail on the failure to appear charge. Accordingly, Smith's ADA claim against Executive Secretary Hade in his official capacity is barred by judicial immunity.[2]

### B. The Complaint fails to state a claim upon which relief may be granted.

#### i. The one-year statute of limitations bars the ADA claim against Hade.

"Title II of the ADA does not contain a statute of limitations." *A Society Without a Name, for People without a Home, Millennium Future-Present v. Virginia*, 655 F.3d 342, 347 (4th Cir. 2011). Accordingly, federal courts "borrow the state statute of limitations that applies to the most analogous state-law claim." *Id.* Consequently, "the one-year limitations period in the Virginia Disabilities Act applies to ADA claims brought in Virginia." *Id.* at 348; *see* Va. Code § 51.5-46(B) ("An action may be commenced pursuant to this section any time within one year of the occurrence of any violation of rights under this chapter."). Claims accrue under federal law when the plaintiff "possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995). An ADA claim accrues and the statute of limitations begins to run "when the plaintiff knows or has reason to know of the injury." *A Society Without a Name*, 655 F.3d at 348.

A motion to dismiss "tests the sufficiency of the complaint" and "generally cannot reach the merits of an affirmative defense," but "where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed

---

[2] Smith's ADA claim against Judge F, if properly named, would also be barred by judicial immunity and is duplicative of the claim against Hade because it involves the same public entity.

9

under Rule 12(b)(6)." *Goodman v. PraxAir, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). Smith seeks to hold Executive Secretary Hade liable for judicial actions allegedly taken by Judge F, and the Complaint pleads that Judge F "presided over Mr. Smith's bond hearing on or about May 3, 2020." Compl. ¶ 12. Smith filed the Complaint on May 3, 2022, a full two years after he was allegedly injured by ADA violations during the bond hearing. Thus, Smith's claim against Hade is barred by the one-year statute of limitations applicable to ADA claims brought in Virginia.[3]

Further, the Court should dismiss the ADA claim against Executive Secretary Hade with prejudice because amendment is futile. "Where the statute of limitations bars a cause of action, amendment may be futile and therefore can be denied." *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000). No amendment could save any ADA claim against the Commonwealth as a public entity on these facts. Because Smith failed to file the Complaint by May 3, 2021, his ADA claim is forever barred and should be dismissed with prejudice and without leave to amend.

> **ii. Hade is not a proper defendant on Smith's ADA claim alleging defects in courthouse facilities provided and owned by Carroll County.**

Under Virginia law, the local governing body "shall provide courthouses with suitable space and facilities to accommodate the various courts and officials thereof serving the county or city." Va. Code § 15.2-1638. "The costs thereof and of the land on which they may be, and of keeping the same in good order, shall be chargeable to the county or city." *Id.* Accordingly, "[t]he fee simple of the lands and of the buildings and improvements thereon utilized for such courthouses shall be in the county or city, or jointly in a county and a city . . . ." *Id.* In addition, "[t]he counties and cities served by a magistrate or magistrates shall provide suitable quarters for such magistrates," which "should be located in a public facility and should be appropriate to

---

[3] Smith's ADA claim against Judge F, if properly named, would also be time-barred. "The mandate remains that a plaintiff has the burden of locating and suing the proper defendant within the applicable limitations period." *Goodman v. PraxAir, Inc.*, 494 F.3d 458, 473 (4th Cir. 2007).

10

conduct the affairs of a judicial officer as well as provide convenient access to the public and law-enforcement officers," and "[t]he county or city shall also provide all furniture and other equipment necessary for the efficient operation of the office." Va. Code § 19.2-48.1(A).

The Complaint pleads that Smith was taken to "the Carroll County General District courthouse for a bond hearing at a local magistrate's office" before Judge F on May 3, 2020. Compl. ¶ 56. Smith's ADA claim rests on two allegations: first, that Judge F denied him "the ability to defend himself in a judicial proceeding by conditioning the outcome of his hearing on an activity that [Smith] could not complete because of his disability," *id.* ¶ 210, and second, that Judge F denied him "equal access to the courts by forcing him to lie on the floor for the duration of the hearing" and by "fail[ing] to provide a reasonable accommodation for seating at the hearing, such as a wheelchair or a chair," *id.* ¶¶ 211, 212.

The second allegation, addressing the alleged inadequacy of the courthouse facilities themselves, fails to state an ADA claim against the Commonwealth as a public entity because under the Code of Virginia, Carroll County is the public entity with "fee simple" title to the "Carroll County General District courthouse" and the statutory duty to "provide courthouses with suitable space and facilities to accommodate the various courts" serving Carroll County, as well as to provide "suitable quarters," "convenient access to the public," and "all furniture and other equipment" for office(s) of magistrate(s) located in Carroll County. For this additional reason, Smith's ADA claim against Executive Secretary Hade is deficient and should be dismissed.

IV. **CONCLUSION**

On the foregoing grounds, the Court should grant Executive Secretary Hade's Motion to Dismiss, dismiss Smith's single claim against him with prejudice and dismiss him from further proceedings in this action, and grant any other relief that the Court deems just and proper.

                                                Respectfully submitted,

                                                KARL R. HADE

                                                By:    /s/ Sheri H. Kelly
                                                                     Counsel

Jason S. Miyares
Attorney General of Virginia

Steven G. Popps
Deputy Attorney General

Jacqueline C. Hedblom
Senior Assistant Attorney General/Trial Section Chief

*Sheri H. Kelly, VSB No. 82219
Assistant Attorney General
Office of the Attorney General
204 Abingdon Place
Abingdon, Virginia 24211
Phone: 276-628-2964
Fax: 276-628-4375
skelly@oag.state.va.us
*Counsel for Defendant Karl R. Hade*

## **CERTIFICATE**

      I hereby certify that on June 27, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I mailed by United States Postal Service the document to the following non-CM/ECF participants:

New River Valley Regional Jail Authority
Attn: Superintendent Gregory P. Winston
108 Baker Road
Dublin, VA 24084
*Defendant*

Sheriff Kevin A. Kemp
Carroll County Sheriff's Office
605 Pine Street
Hillsville, VA 24343
*Defendant*

Twin County Regional Healthcare
Attn: Douglas S. Vaught
200 Hospital Drive
Galax, VA 24333
*Defendant*

                                                  By:    /s/ Sheri H. Kelly
                                                          Sheri H. Kelly