# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| JOSHUA LEE SMITH, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | |
| ) | |
| TWIN COUNTY REGIONAL HEALTHCARE, ) | |
| MARIBEL RODRIGUEZ-MARTINEZ, M.D., ) | |
| LAURA B. LEONARD, R.N., ) | |
| CRYSTAL N. COLEMAN, R.N., ) | |
| TERESA L. WHITE, R.N., ) | |
| and TWO UNNAMED NURSES, A and B; ) | |
| ) | |
| KARL R. HADE, EXECUTIVE SECRETARY OF ) | |
| THE SUPREME COURT OF VIRGINIA, in his ) | |
| official capacity, ) | |
| HON. JEFFREY L. WRIGHT, in his official ) | |
| capacity; ) | |
| ) | |
| CARROLL COUNTY SHERIFF KEVIN A. ) | **Case No. 7:22-cv-00238** |
| KEMP, in his official capacity, and DEPUTIES ) | |
| KEITH A. MUSSER, ) | |
| CHRISTOPHER R. MABRY, ) | |
| ANTHONY G. HORTON, and TWO UNNAMED ) | |
| DEPUTIES Y and Z, ) | |
| in their individual and official capacities; ) | |
| ) | |
| NEW RIVER VALLEY REGIONAL JAIL ) | |
| AUTHORITY, and ) | |
| MARY STEWART, JOLEN MABREY, ) | |
| ROBERTA WEBB, DEREK TRENAR, NIKOLAS ) | |
| MCGRADY, JUSTIN ARCHER, VERONICA ) | |
| LOOP, DEREK TOLBERT, BRIAN COTTS, ) | |
| MELISSA EDWARDS, JOHN MCNEELY, ) | |
| ASHLEY UMBERGER, SHAUN BENZEL, and ) | |
| BENJAMIN WATKINS, and THREE ) | |
| UNNAMED JAIL OFFICERS 1, 2, and 3, ) | |
| in their individual and official capacities; ) | |
| ) | |
| DOE OFFICERS 4 and 5; ) | |
| ) | |

and DOE individuals 6–10,                )
                                          )
*Defendants*.                             )

# MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT LIMITED EXPEDITED DISCOVERY

Plaintiff hereby submits this Memorandum in support of his Motion for Leave to Conduct Limited Expedited Discovery. Plaintiff seeks from this Court an order authorizing him to take limited expedited discovery in the form of interrogatories under Federal Rule of Civil Procedure 33 to Defendants Twin County Regional Healthcare, Karl R. Hade, Kevin A. Kemp, and the New River Valley Regional Jail Authority,[1] and requiring each party to respond to those interrogatories within fourteen (14) calendar days of the date of service.

## BACKGROUND

Plaintiff Joshua L. Smith brings claims for compensatory and punitive damages for violation of his rights under the Fourth and Fourteenth Amendment to the United States Constitution, the Americans with Disabilities Act, the Affordable Care Act, the Virginia Medical Malpractice Act, and state-law tort claims of Assault, Battery, Negligence, Negligent Infliction of Emotional Distress and Intentional Infliction of Emotional Distress. The Complaint alleges, in short, that Plaintiff was unlawfully and unconstitutionally denied life-saving medical care and that he was subjected to excessive force and discrimination on the basis of his disability. As a result of this denial of care, negligent treatment, and discrimination—all of which occurred while Plaintiff was in Defendants' custody—Plaintiff is permanently paralyzed and suffers ongoing physical ailments and emotional distress.

---

[1] The proposed interrogatories are attached to this Memorandum as Exhibit 1.

Plaintiff's initial Complaint, filed May 3, 2022, asserted claims against Twin County Regional Healthcare, and several unknown individuals who are medical providers and staff employed by Twin County Regional Healthcare; Carroll County Sheriff Kevin A. Kemp, and several unknown individuals believed to be duly sworn deputies of the Carroll County Sheriff's Office; Karl. R. Hade, the Executive Secretary for the Virginia Judiciary, and an unknown Magistrate Judge; and the New River Valley Regional Jail Authority, and several unknown individuals believed to be officers employed by the New River Valley Regional Jail. *See* Dkt.[2] 1. Plaintiff filed his first Motion for Leave to Conduct Expedited Discovery on May 4, 2022, seeking to obtain from this Court an order allowing him to serve limited subpoenas to ascertain the identities of the unidentified individuals named in his Complaint. *See* Dkt. 5. This Court denied that Motion on May 11, 2022, on the bases that (1) Plaintiff's inability to identify the individuals named in his Complaint did not amount to good cause, and Plaintiff had not sufficiently identified the prejudice that he would suffer as a result of his inability to take limited discovery in this case, *see* Dkt. 13 at 2, 4; (2) the known Defendants had not yet entered appearances in this case, *see id.* at 1, 3; and (3) Plaintiff had not provided the proposed subpoenas to this Court, *see id.* at 4.

Since this Court's May 11, 2022 denial of Plaintiff's first request to seek expedited discovery in this case, *see* Dkt. 13, Plaintiff has exhausted all reasonable pre-discovery investigatory options available to him. Plaintiff, through counsel, sent requests under the Virginia Freedom of Information Act ("FOIA") to the Carroll County Sheriff's Office, the Carroll County Circuit Court, the New River Valley Regional Jail, Carroll County, Pulaski County, Grayson

---

[2] "Dkt." throughout this Memorandum refers to the docket entry number for this Court's electronic filing system in *Smith v. Twin County Regional Healthcare, et al*, No. 7:22-cv-00238 (W.D. Va. 2022).

3

County, the City of Galax, and under the federal Health Insurance Portability and Accountability Act of 1996 ("HIPAA") to Twin County Regional Healthcare.

Plaintiff has since received responses to each of these requests and, in reliance on the substance of the responses, has amended his initial Complaint to include the identities of the individuals that he believes, in good faith, to have engaged in the unlawful conduct he alleges. On June 29, 2022, Plaintiff filed his First Amended Complaint, *see* Dkt. 30. The First Amended Complaint includes the names of some of the individuals previously identified as Doe defendants and continues to allege claims against various additional Doe individuals. *See id.* at 1–2.

In response to the concerns that this Court raised in its Order Denying Plaintiff's Motion for Leave to Conducted Limited Expedited Discovery, *see* Dkt. 13 at 1, 4, Plaintiff has further served process on the known, named Defendants, prior to renewing the present motion. The Carroll County Sheriff Kevin A. Kemp was served on June 8, 2022; the New Valley Regional Jail Authority was served on June 9, 2022; and Karl R. Hade, the Executive Secretary for the Virginia Judiciary, was served on June 7, 2022. [3] *See* Dkts. 19–22. The affidavits confirming service of process upon these entities and individuals were filed with this Court on June 13, 2022. *See id.* On June 27, 2022, counsel entered appearance on behalf of Defendant Karl R. Hade, *see* Dkt. 23; on June 29, 2022, counsel entered appearance on behalf of Sheriff Kemp; and on June 30, 2022, *see* Dkt 23, counsel entered appearance on behalf of the New River Valley Regional Jail Authority, *see* Dkt. 32.

---

[3] Service of process was attempted on Twin County Regional Healthcare (the "Hospital") on June 8, 2022, *see* Dkt. 18, and an affidavit of service was filed on June 13, 2022. Counsel for the Hospital, however, contacted Plaintiff on June 26, 2022, informing Plaintiff that the agent who accepted process on June 8 could not in fact accept service on behalf of the Hospital, and identifying the proper registered agent. Plaintiff re-effected service of process on the Hospital on June 28, 2022, and plans to shortly file an affidavit of service.

Plaintiff continues to believe that limited, expedited discovery will facilitate a fair, expedient resolution of the issues presented in this case and respectfully requests that this Court grant his second Motion for Leave to Conduct Limited Expedited Discovery in this matter.

## ARGUMENT

Early discovery will enable Plaintiff ascertain the identities of the still-unnamed individual defendants, state with particularity each defendant's involvement in the present suit, and clarify the scope of the issues presented in this case. In his initial Complaint and in his First Amended Complaint, Plaintiff named various Doe Defendants because the "identity of the alleged defendant[s] [was] not known at the time" he filed either complaint, and he was "likely to be able to identify the defendant[s] after further discovery." *Chidi Njoku v. Unknown Special Unit Staff*, No. 99-7644, 217 F.3d 840 (table), 2000 WL 903896, at *1 (4th Cir. July 7, 2000). Indeed, Plaintiff named Doe defendants in accordance with the guidance issued by various courts concluding that naming Does is permissible until the plaintiff has been afforded a reasonable opportunity to ascertain and substitute the true identities of the defendants. *See, e.g., Davis v. Kelly*, 160 F.3d 917, 921 (2d Cir. 1998) ("[C]ourts have 'rejected the dismissal of suits against unnamed defendants . . . identified only as 'John Doe's' . . . until the plaintiff has had some opportunity for discovery to learn the identities"); *Penalbert-Rosa v. Fortuno-Burset*, 631 F.3d 592, 596 (1st Cir. 2011) ("A plaintiff who is unaware of the identity of the person who wronged her can . . . proceed against a 'John Doe's' . . . when discovery is likely to reveal the identity of the correct defendant."); *Schiff v. Kennedy*, 691 F.2d 196, 198 (4th Cir. 1982); *Brown v. Owens Corning Inv. Review Comm.*, 622 F.3d 564, 572 (6th Cir. 2010); *Blakeslee v. Clinton County*, 336 Fed. Appx. 248, 250 (3d Cir. 2009); *Young v. Transp. Deputy Sheriff*, 340 Fed. Appx. 368 (9th Cir. 2009); *Green v. Doe*, 260

Fed. Appx. 717, 719 (5th Cir. 2007); *Krueger v. Doe*, 162 F.3d 1173 (10th Cir. 1998); *Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992).

Plaintiff now seeks to be "afforded an opportunity[,] through at least brief discovery," to ascertain defendants' true identities. *See Davis*, 160 F.3d at 921. Limited, expedited discovery in this matter will benefit all parties in this case by clarifying the identities of the Doe individuals involved, specifying the scope of each individual's alleged conduct, and providing those individuals with notice of this matter as soon as is reasonably possible. Therefore, Plaintiff respectfully submits that he has demonstrated good cause for authorization of limited discovery. Plaintiff has attached the proposed interrogatories to be served to the known Defendants in support of his Motion.

### I.    Plaintiff has Good Cause for Limited Expedited Discovery

Plaintiff has good cause for a grant of limited, expedited discovery in this matter. *See* Dkt. 13 at 2; *see also, e.g., Warner Bros. Records, Inc. v. Does*, 1-6, 527 F. Supp. 2d 1, 2 (D.D.C. 2007) ("Courts have wide discretion in discovery matters and have allowed parties to conduct expedited discovery where good cause is shown.") (citing *Ellsworth Associates, Inc. v. U.S.*, 917 F. Supp. 841 (D.D.C. 1996); *Semitool, Inc. v. Tokyo Electron Am. Inc.,* 208 F.R.D. 273, 275-76 (N.D. Cal. 2002)); *see also Qwest Comm. Int'l, Inc. v. WorldQuest Networks, Inc.,* 213 F.R.D. 418, 419 (D. Colo. 2003) (collecting cases); 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2046.

The good cause standard is "discretion[ary]," *see Ellsworth*, 917 F. Supp. at 844, and courts have considered various factors in the good-cause analysis. Some courts have, for example, adopted a modified standard akin to the preliminary-injunction analysis, and considered, among other things, whether the plaintiff has demonstrated "irreparable injury," and "some connection between expedited discovery and the avoidance of irreparable injury," *Notaro v. Koch*, 95 F.R.D.

403, 405 (S.D.N.Y. 1982); others have adopted the "more flexible" standard in Federal Rule of Civil Procedure 26, and instead considered whether "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party," *Semitool, Inc.*, 208 F.R.D. at 276; *see also, e.g., Pod–Ners, LLC v. Northern Feed & Bean of Lucerne Ltd. Liability Co.,* 204 F.R.D. 675, 676 (D. Colo. 2002); and at least one other court has imported the generalized good-cause standard used within Federal Rule of Civil Procedure 15, which requires the court to consider whether the plaintiff has been "diligent," *see Yokohama Tire Corp. v. Dealers Tire Supply, Inc.,* 202 F.R.D. 612 (D. Ariz. 2001) (citing and relying on the Rule 15 analysis in *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992)).

Plaintiff has demonstrated that there is good cause for granting limited, expedited discovery in this matter, under any good-cause standard that this Court chooses to adopt. He has established good-cause for a grant of limited, expedited discovery because (A) Plaintiff will be prejudiced absent such an order; (B) all parties benefit from expediently learning the identities of the individuals involved in this matter; and (C) Plaintiff has been diligent in prosecuting this action and seeking the information requested through limited investigatory means.

### A. Plaintiff Will Be Prejudiced Absent Limited Expedited Discovery.

Plaintiff will be prejudiced absent limited early discovery because ascertaining the identities of Doe defendants and the scope of each defendant's conduct during the normal course of discovery risks him losing the ability to prosecute his claims. At present, Plaintiff's claims are timely, but allowing Plaintiff's claims to proceed against un-ascertained defendants outside of the service-of-process period increases the risk that the parties will later have to litigate whether Plaintiff's later amendments to his complaint to identify the Doe defendants and allege with particularity their involvement in the suit relate back to the date of filing of his initial May 3, 2022 Complaint. Plaintiff's First, Second, and Third claims arise under the federal Constitution, and are

cognizable under 42 U.S.C. § 1983; his Fourth and Fifth Claims arise under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq; his Sixth claim for relief arises under the Patient Protection and Affordable Care Act, 42 U.S.C. § 18116; his Seventh claim for relief arises under the Virginia Medical Malpractice Act, Va. Code § 8.01-581.1; and his Eighth through Twelfth claims for battery, assault, negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress arise under Virginia common law.

Plaintiff timely filed each of these claims because he filed within two years of when his injury and resulting causes of action accrued. *See* Va. Code Ann. § 8.01-243(A) (prescribing a two-year statute of limitations period for all personal-injury actions in Virginia); *Keller v. Prince George's Cnty.*, 827 F.2d 952, 955 n.2 (4th Cir. 1987) (stating that the appropriate limitations period for actions under 42 U.S.C. § 1983 must be borrowed from an analogous state-law cause of action); *Hoback v. Doe*, No. 7:14-CV-00711, 2015 WL 5553745, at *2 (W.D. Va. Sept. 18, 2015) (applying Virginia's two-year personal-injury statute of limitations to claims brought pursuant to 42 U.S.C. § 1983); *Latson v. Clarke*, 249 F. Supp. 3d 838, 853 (W.D. Va. 2017) (applying the federal four-year, catchall statute of limitations to claims "made possible" under the Americans with Disabilities Act "by the ADA Amendments Act"); *Tomei v. Parkwest Med. Ctr.*, 24 F.4th 508, 515 (6th Cir. 2022) (applying the same four-year catchall statute of limitations period to claims arising under the antidiscrimination provision of the Affordable Care Act); Va. Code. § 8.01-243.1 (stating that actions alleging medical malpractice in Virginia "shall be commenced within two years of the date of the last act or omission giving rise to the cause of action").

While Mr. Smith's action is, at present, timely filed as to all claims and all defendants, requiring Mr. Smith to ascertain the identities of the Defendants outside of the service-of-process period risks the parties having to litigate whether Mr. Smith's amendments adding these future

8

parties "relate back" to the date of his initial complaint under Federal Rule of Procedure 15. At the very least, this will require Mr. Smith to undergo additional briefing and justification for his identification of the newly discovered parties in his complaint. The consequences of such briefing, at best, include the time and expense incurred by the parties' litigation of an additional set of issues and, at worst, amount to a dispositive order from this Court entirely barring Mr. Smith's prosecution of some of his claims. An outright, final dismissal of some of Plaintiff's claims before discovery would plainly prejudice his ability to prosecute those claims.

### B. All Parties Benefit from Expediently Learning the Identities of the Individuals Involved in this Matter.

The principles of fair notice and expedient resolution of meritorious litigation embedded in Federal Rules of Civil Procedure 8, 16, and 26 counsel toward granting the present Motion. Plaintiff will eventually learn the identities of the individuals involved—whether he does so in or out of the normal course of discovery—but the parties will expend significant resources if Plaintiff is not permitted to serve pre-discovery interrogatories.

First, limited discovery will provide expedient fair notice to the individuals involved in the conduct underlying the allegations in this suit, and will help consolidate and streamline the parties' briefing for any motions under Federal Rule of Civil Procedure 12. In his First Amended Complaint, Plaintiff has relied on information learned through his FOIA and HIPAA requests and has named individuals that he believes, in good faith, to be responsible for the conduct alleged. At present, however, Plaintiff lacks much of the information that will enable him to plead with specificity each individual's involvement in each unlawful act alleged. Such information is not likely to be contained in public records, and public officials responding to FOIA requests under Virginia law do not have an obligation "to create a new record if the record does not already exist." Va. Code § 2.2-3704(D).

9

Targeted early discovery will enable Plaintiff to learn the names and details of each present or future defendant's involvement in this suit, and he will be able to both include individuals who are not currently named as defendants, and remove individuals who are named but cannot ultimately have any of the unlawful conduct alleged attributed to them. Individuals who may eventually be added as defendants benefit from having early, fair notice of their involvement in this suit, as much as individuals who may be eventually removed as defendants benefit from being removed as soon as possible. *See TGI Friday's Inc. v. Stripes Restaurants, Inc.*, No. 1:15-CV-00592-AWI, 2015 WL 2341991, at *2 (E.D. Cal. May 13, 2015) (denying a request for expedited discovery in part because such discovery was "not necessary for Defendants to get fair notice of the evidence Plaintiff will be relying on in support" of a preliminary-injunction motion); *cf. Oracle USA, Inc. v. SAP AG,* 264 F.R.D. 541, 550 (N.D. Cal. 2009) (stating that "[e]arly discovery of damages" taken had been "essential to give Defendants fair notice of the scope of [the] case").

Ascertaining the identities of the defendants and the alleged conduct that can be attributed to each defendant as soon as possible also helps facilitate expedient and efficient motions under Federal Rule of Civil Procedure 12. Should this Court deny Plaintiff's Motion, Plaintiff will later need to seek leave to amend his complaint throughout the normal course of discovery as he learns new identities of individuals involved. Each amendment may require the parties to brief any new motions that may be filed under Federal Rule of Civil Procedure 12 and lengthen the discovery process and ultimate resolution of this case. Allowing Plaintiff to learn defendants' identities within the service-of-process period allows the parties to coordinate their briefing and likely mitigates the need for multiple amendments and rounds of briefing.

Second, early discovery will also facilitate the parties' Rule 26(f) conference. Rule 26(f) requires the parties to meet and discuss the parties' initial disclosures; "consider the nature and

basis of their claims and defenses and the possibilities for promptly settling or resolving the case"; and prepare a discovery plan, which shall include, among other things, "the subjects on which discovery may be needed." Fed. R. Civ. P. 26(f). Reaching final agreement on these topics will be difficult without knowing the identities of all the defendants involved, and will likely require the parties to meet and confer many times to resolve the specifics of the parties' discovery plan and the nature of the claims involved as Plaintiff discovers the identities of the Doe defendants and those parties join the litigation.

Third, Plaintiff seeks pre-discovery interrogatories for precisely the purposes that underlie Federal Rule of Civil Procedure 16. Under this Rule, at any point before trial, this Court may ask the parties to appear for any pretrial conference "for such purposes as," among other things, "expediting discovery of the action" and "discouraging wasteful pretrial activities." Fed. R. Civ. P. 16(a). Pre-discovery interrogatories will help establish the individuals named in this action and will expedite discovery, curtail Plaintiff's broad investigatory searches, and prevent unnecessary, additional briefing, as described in § A of this Memorandum, *supra.*

Plaintiff respectfully asks this Court to award early discovery in this matter, as doing so will help the parties avoid the expense and waste addressed by Federal Rules of Civil Procedure 16 and 26, and will help achieve the fair-notice principles in Federal Rule of Civil Procedure 8.

### C. Plaintiff Has Diligently Prosecuted His Claims.

Plaintiff has been diligent in his investigation of his claims and has exhausted all the pre-discovery investigatory tools at his disposal. As described, he has filed multiple records requests through counsel and exhausted his ability to secure the information that he seeks through early discovery. Courts have recognized that civil-rights plaintiffs, much like Mr. Smith, often face "informational disadvantages," preventing them from learning "the identities and roles of relevant actors" involved in the conduct underlying their case. *Alston v. Parker*, 363 F.3d 229, 233 n.6, 236

11

(3d Cir. 2004). For this reason, "[if] discovery is sought by [such a] plaintiff, . . . and if it would aid in the identification of responsible defendants or the lack thereof, district courts should strongly consider granting it." *Id.* Plaintiff's diligence weighs toward granting early discovery in this matter.

\* \* \*

As described, Plaintiff seeks leave to immediately serve expedited interrogatories on Defendant Twin County Regional Healthcare, Carroll County Sheriff Kevin A. Kemp, Karl R. Hade, and the New River Valley Regional Jail Authority to identify the true names of the Doe defendants and allege with particularity each defendant's conduct in the present suit. Plaintiff respectfully requests that the Court direct these individuals to respond to Plaintiff's expedited interrogatories within fourteen days, rather than the usual thirty days accorded for discovery responses. Plaintiff believes the shorter response period is appropriate in light of the need for the expedited discovery and the narrow scope of the expedited requests.

## CONCLUSION

For the foregoing reasons, Plaintiff asks this Court to grant Plaintiff's motion. A Proposed Order is filed herewith.