**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
Roanoke Division

_____

| | |
|---|---|
| JOSHUA LEE SMITH, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) |
| | ) |
| TWIN COUNTY REGIONAL HEALTHCARE, | ) |
| MARIBEL RODRIGUEZ-MARTINEZ, M.D., | ) |
| LAURA B. LEONARD, R.N., | ) |
| CRYSTAL N. COLEMAN, R.N., | ) |
| TERESA L. WHITE, R.N., | ) |
| and TWO UNNAMED NURSES, A and B; | ) |
| | ) |
| KARL R. HADE, EXECUTIVE SECRETARY OF | ) |
| THE SUPREME COURT OF VIRGINIA, in his | ) |
| official capacity, | ) |
| HON. JEFFREY L. WRIGHT, in his official | ) |
| capacity; | ) |
| | ) |
| CARROLL COUNTY SHERIFF KEVIN A. | ) **Case No. 7:22-cv-00238** |
| KEMP, in his official capacity, and DEPUTIES | ) |
| KEITH A. MUSSER, | ) |
| CHRISTOPHER R. MABRY, | ) |
| ANTHONY G. HORTON, and TWO UNNAMED | ) |
| DEPUTIES Y and Z, | ) |
| in their individual and official capacities; | ) |
| | ) |
| NEW RIVER VALLEY REGIONAL JAIL | ) |
| AUTHORITY, and | ) |
| MARY STEWART, JOLEN MABREY, | ) |
| ROBERTA WEBB, DEREK TRENAR, NIKOLAS | ) |
| MCGRADY, JUSTIN ARCHER, VERONICA | ) |
| LOOP, DEREK TOLBERT, BRIAN COTTS, | ) |
| MELISSA EDWARDS, JOHN MCNEELY, | ) |
| ASHLEY UMBERGER, SHAUN BENZEL, and | ) |
| BENJAMIN WATKINS, and THREE | ) |
| UNNAMED JAIL OFFICERS 1, 2, and 3, | ) |
| in their individual and official capacities; | ) |
| | ) |
| DOE OFFICERS 4 and 5; | ) |
| | ) |

1

and DOE individuals 6–10,                          )
                                                   )
*Defendants*.                                      )
_____

### INTERROGATORIES NOS. 1–2 TO CARROLL COUNTY SHERIFF KEVIN A. KEMP

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the attached Court Order, Plaintiff Joshua Lee Smith requests that Defendant answer these Interrogatories separately and fully in writing, under penalty of perjury, and serve a copy of the answers at the offices of the Georgetown Law Civil Rights Clinic, 600 New Jersey Avenue NW, Washington D.C. 20001, and/or via email to lucia.goin@georgetown.edu within fourteen (14) calendar days of service of these Interrogatories.

## <u>INSTRUCTIONS</u>

1.  Each Interrogatory shall be answered on the basis of your entire knowledge, from all sources, after an appropriate and good-faith inquiry has been made.

2.  Unless otherwise specified, when construing the scope of these Interrogatories, the terms shall be given their most expansive and inclusive interpretations, including but not limited to:

    a.  Construing the words "and" and "or" in the conjunctive or disjunctive as necessary to make the Interrogatory more inclusive;

    b.  Construing the words "any" and "all" to mean "any and all" as necessary to make each Interrogatory more inclusive;

    c.  Construing the past or present tenses of a verb to mean the present or past tenses of the verb, respectively, as necessary to make each Interrogatory more inclusive;

    d.  Wherever any term is used in the singular, it should be construed to include the plural, and vice versa, in order that the scope of these Interrogatories shall encompass the broadest range of discoverable information possible;

    e.  Wherever any gender is indicated by any term in these Interrogatories, it should be construed to include the opposite gender or neuter in order that the scope of these Interrogatories shall encompass the broadest range of discoverable information possible.

3.  In answering each Interrogatory, you are required to furnish such information as is available to you, however obtained, including hearsay and information known by, or in the possession of, you or your agents, including every attorney representing you.

3

4.  If each Interrogatory cannot be answered in full after exercising due diligence to secure the information, you must answer to the extent possible, specifying your inability to answer the remainder and the reason why, and stating whatever information and knowledge you have concerning the unanswered portion and detailing what you did in attempting to secure the unknown information.

5.  If your response to these Interrogatories must be amended or supplemented because of information acquired by you subsequent to the service of your response, you must promptly serve your supplemental responses to the Interrogatory at issue in accordance with the Federal Rule of Civil Procedure 26(e).

6.  Where knowledge or information in the possession, custody or control of a party is requested, each Interrogatory requires disclosure of knowledge in possession of the party's agents, servants, employees, representatives and any other person acting on the party's behalf, including, unless privileged, that party's attorneys.

7.  If you object to an Interrogatory, the reasons for the objections shall be stated in writing and served upon Plaintiff's counsel. If an objection is made to part of an Interrogatory, the part shall be specified, with an answer provided to any part of the Interrogatory to which there is no objection. If you assert as an objection to any of these Interrogatories that the information sought is privileged, please state the privilege that you believe is involved, identifying each such privilege with the specific Interrogatory number that seeks such privileged information.

**INTERROGATORY NO. 1**

Identify or confirm the name(s), employer, title(s), current address(es), and phone number(s) of

the officers, deputies, and/or other individual(s) working for, working in, and/or employed by the

Carroll County Sheriff's Office who engaged, participated in, took actions in connection with,

observed, and/or has knowledge of the transport, arrest, booking, and/or detention of Joshua Lee

Smith on or about May 3 and 4, 2020.

**INTERROGATORY NO. 2**

For each individual identified or confirmed in response to Interrogatory No. 1, describe in detail

each individual's engagement, observation, participation in, actions taken in connection with,

and/or knowledge of Joshua Lee Smith's transport, arrest, booking, and/or detention on about

May 3 or 4, 2020.


Dated: [**DATE**]                                    Respectfully submitted,

                                                     */s/Aderson Francois*
                                                     Aderson Francois (D.C. Bar No. 498544)
                                                     (*pro hac vice*)
                                                     Lucia Goin (D.C. Bar. No. 1739389)
                                                     (*pro hac vice*)
                                                     Marissa K. Hatton (D.C. Bar No. 219291)
                                                     (*pro hac vice*)
                                                     CIVIL RIGHTS CLINIC
                                                     GEORGETOWN UNIVERSITY LAW
                                                     CENTER
                                                     600 New Jersey Avenue NW, Suite 352
                                                     Washington, DC 20001
                                                     (202) 661-6721
                                                     (202) 662-9546
                                                     Aderson.Francois@georgetown.edu
                                                     Lucia.Goin@georgetown.edu
                                                     Marissa.Hatton@georgetown.edu

                                                     Joshua Erlich (VSB No. 81298)
                                                     THE ERLICH LAW OFFICE, PLLC

2111 Wilson Blvd. #700
Arlington, VA 22201
Tel: (703) 791-9087
Fax: (703) 722-8114
Email:jerlich@erlichlawofice.com

*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
Roanoke Division

_____

JOSHUA LEE SMITH,                                )
                                                 )
*Plaintiff*,                                     )
                                                 )
v.                                               )
                                                 )
TWIN COUNTY REGIONAL HEALTHCARE,                 )
MARIBEL RODRIGUEZ-MARTINEZ, M.D.,                )
LAURA B. LEONARD, R.N.,                          )
CRYSTAL N. COLEMAN, R.N.,                        )
TERESA L. WHITE, R.N.,                           )
and TWO UNNAMED NURSES, A and B;                 )
                                                 )
KARL R. HADE, EXECUTIVE SECRETARY OF )
THE SUPREME COURT OF VIRGINIA, in his            )
official capacity,                               )
HON. JEFFREY L. WRIGHT, in his official          )
capacity;                                        )
                                                 )
CARROLL COUNTY SHERIFF KEVIN A.                  )    **Case No. 7:22-cv-00238**
KEMP, in his official capacity, and DEPUTIES     )
KEITH A. MUSSER,                                 )
CHRISTOPHER R. MABRY,                            )
ANTHONY G. HORTON, and TWO UNNAMED )
DEPUTIES Y and Z,                                )
in their individual and official capacities;     )
                                                 )
NEW RIVER VALLEY REGIONAL JAIL                   )
AUTHORITY, and                                   )
MARY STEWART, JOLEN MABREY,                      )
ROBERTA WEBB, DEREK TRENAR, NIKOLAS )
MCGRADY, JUSTIN ARCHER, VERONICA                 )
LOOP, DEREK TOLBERT, BRIAN COTTS,                )
MELISSA EDWARDS, JOHN MCNEELY,                   )
ASHLEY UMBERGER, SHAUN BENZEL, and )
BENJAMIN WATKINS, and THREE                      )
UNNAMED JAIL OFFICERS 1, 2, and 3,               )
in their individual and official capacities;     )
                                                 )
DOE OFFICERS 4 and 5;                            )
                                                 )

1

and DOE individuals 6–10,                          )
                                                    )
*Defendants*.                                       )
_____

## <u>INTERROGATORY NO. 1 TO KARL R. HADE</u>

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the attached Court Order, Plaintiff Joshua Lee Smith requests that Defendant answer this Interrogatory separately and fully in writing, under penalty of perjury, and serve a copy of the answers at the offices of the Georgetown Law Civil Rights Clinic, 600 New Jersey Avenue NW, Washington D.C. 20001, and/or via email to lucia.goin@georgetown.edu within fourteen (14) calendar days of service of this Interrogatory.

## **<u>INSTRUCTIONS</u>**

1. This Interrogatory shall be answered on the basis of your entire knowledge, from all sources, after an appropriate and good-faith inquiry has been made.

2. Unless otherwise specified, when construing the scope of this Interrogatory, the terms shall be given their most expansive and inclusive interpretations, including but not limited to:

   a. Construing the words "and" and "or" in the conjunctive or disjunctive as necessary to make the Interrogatory more inclusive;

   b. Construing the words "any" and "all" to mean "any and all" as necessary to make the Interrogatory more inclusive;

   c. Construing the past or present tenses of a verb to mean the present or past tenses of the verb, respectively, as necessary to make the Interrogatory more inclusive;

   d. Wherever any term is used in the singular, it should be construed to include the plural, and vice versa, in order that the scope of these Interrogatories shall encompass the broadest range of discoverable information possible;

   e. Wherever any gender is indicated by any term in these Interrogatories, it should be construed to include the opposite gender or neuter in order that the scope of these Interrogatories shall encompass the broadest range of discoverable information possible.

3. In answering this Interrogatory, you are required to furnish such information as is available to you, however obtained, including hearsay and information known by, or in the possession of, you or your agents, including every attorney representing you.

3

4.  If the Interrogatory cannot be answered in full after exercising due diligence to secure the information, you must answer to the extent possible, specifying your inability to answer the remainder and the reason why, and stating whatever information and knowledge you have concerning the unanswered portion and detailing what you did in attempting to secure the unknown information.

5.  If your response this Interrogatory must be amended or supplemented because of information acquired by you subsequent to the service of your response, you must promptly serve your supplemental responses to the Interrogatory at issue in accordance with the Federal Rule of Civil Procedure 26(e).

6.  Where knowledge or information in the possession, custody or control of a party is requested, the Interrogatory requires disclosure of knowledge in possession of the party's agents, servants, employees, representatives and any other person acting on the party's behalf, including, unless privileged, that party's attorneys.

7.  If you object to the Interrogatory, the reasons for the objections shall be stated in writing and served upon Plaintiff's counsel. If an objection is made to part of an Interrogatory, the part shall be specified, with an answer provided to any part of the Interrogatory to which there is no objection. If you assert as an objection to any of these Interrogatories that the information sought is privileged, please state the privilege that you believe is involved, identifying each such privilege with the specific Interrogatory number that seeks such privileged information.

**INTERROGATORY NO. 1**

Identify or confirm the name(s), current address(es), and phone number(s) of any magistrate

judge(s) who presided over, oversaw, and/or otherwise effected any court proceeding on or about

May 3, 2020 in which Joshua Lee Smith was involved.


Dated: **[DATE]**                                   Respectfully submitted,

                                                    */s/Aderson Francois*
                                                    Aderson Francois (D.C. Bar No. 498544)
                                                    (*pro hac vice*)
                                                    Lucia Goin (D.C. Bar. No. 1739389)
                                                    (*pro hac vice*)
                                                    Marissa K. Hatton (D.C. Bar No. 219291)
                                                    (*pro hac vice*)
                                                    CIVIL RIGHTS CLINIC
                                                    GEORGETOWN UNIVERSITY LAW
                                                    CENTER
                                                    600 New Jersey Avenue NW, Suite 352
                                                    Washington, DC 20001
                                                    (202) 661-6721
                                                    (202) 662-9546
                                                    Aderson.Francois@georgetown.edu
                                                    Lucia.Goin@georgetown.edu
                                                    Marissa.Hatton@georgetown.edu

                                                    Joshua Erlich (VSB No. 81298)
                                                    THE ERLICH LAW OFFICE, PLLC
                                                    2111 Wilson Blvd. #700
                                                    Arlington, VA 22201
                                                    Tel: (703) 791-9087
                                                    Fax: (703) 722-8114
                                                    Email:jerlich@erlichlawofice.com

                                                    *Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA**
Roanoke Division

---

| | |
|---|---|
| JOSHUA LEE SMITH, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) |
| | ) |
| TWIN COUNTY REGIONAL HEALTHCARE, | ) |
| MARIBEL RODRIGUEZ-MARTINEZ, M.D., | ) |
| LAURA B. LEONARD, R.N., | ) |
| CRYSTAL N. COLEMAN, R.N., | ) |
| TERESA L. WHITE, R.N., | ) |
| and TWO UNNAMED NURSES, A and B; | ) |
| | ) |
| KARL R. HADE, EXECUTIVE SECRETARY OF | ) |
| THE SUPREME COURT OF VIRGINIA, in his | ) |
| official capacity, | ) |
| HON. JEFFREY L. WRIGHT, in his official | ) |
| capacity; | ) |
| | ) |
| CARROLL COUNTY SHERIFF KEVIN A. | )   **Case No. 7:22-cv-00238** |
| KEMP, in his official capacity, and DEPUTIES | ) |
| KEITH A. MUSSER, | ) |
| CHRISTOPHER R. MABRY, | ) |
| ANTHONY G. HORTON, and TWO UNNAMED | ) |
| DEPUTIES Y and Z, | ) |
| in their individual and official capacities; | ) |
| | ) |
| NEW RIVER VALLEY REGIONAL JAIL | ) |
| AUTHORITY, and | ) |
| MARY STEWART, JOLEN MABREY, | ) |
| ROBERTA WEBB, DEREK TRENAR, NIKOLAS | ) |
| MCGRADY, JUSTIN ARCHER, VERONICA | ) |
| LOOP, DEREK TOLBERT, BRIAN COTTS, | ) |
| MELISSA EDWARDS, JOHN MCNEELY, | ) |
| ASHLEY UMBERGER, SHAUN BENZEL, and | ) |
| BENJAMIN WATKINS, and THREE | ) |
| UNNAMED JAIL OFFICERS 1, 2, and 3, | ) |
| in their individual and official capacities; | ) |
| | ) |
| DOE OFFICERS 4 and 5; | ) |
| | ) |

1

| | |
|---|---|
| and DOE individuals 6–10, | ) |
| | ) |
| *Defendants*. | ) |

---

### INTERROGATORIES NO. 1–2 TO DEFENDANT NEW RIVER VALLEY REGIONAL JAIL AUTHORITY

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the attached Court Order, Plaintiff Joshua Lee Smith requests that Defendant answer these Interrogatories separately and fully in writing, under penalty of perjury, and serve a copy of the answers at the offices of the Georgetown Law Civil Rights Clinic, 600 New Jersey Avenue NW, Washington D.C. 20001, and/or via email to lucia.goin@georgetown.edu within fourteen (14) calendar days of service of these Interrogatories.

## <u>INSTRUCTIONS</u>

1. Each Interrogatory shall be answered on the basis of your entire knowledge, from all sources, after an appropriate and good-faith inquiry has been made.

2. Unless otherwise specified, when construing the scope of these Interrogatories, the terms shall be given their most expansive and inclusive interpretations, including but not limited to:

    a. Construing the words "and" and "or" in the conjunctive or disjunctive as necessary to make the Interrogatory more inclusive;

    b. Construing the words "any" and "all" to mean "any and all" as necessary to make each Interrogatory more inclusive;

    c. Construing the past or present tenses of a verb to mean the present or past tenses of the verb, respectively, as necessary to make each Interrogatory more inclusive;

    d. Wherever any term is used in the singular, it should be construed to include the plural, and vice versa, in order that the scope of these Interrogatories shall encompass the broadest range of discoverable information possible;

    e. Wherever any gender is indicated by any term in these Interrogatories, it should be construed to include the opposite gender or neuter in order that the scope of these Interrogatories shall encompass the broadest range of discoverable information possible.

3. In answering each Interrogatory, you are required to furnish such information as is available to you, however obtained, including hearsay and information known by, or in the possession of, you or your agents, including every attorney representing you.

4.  If each Interrogatory cannot be answered in full after exercising due diligence to secure the information, you must answer to the extent possible, specifying your inability to answer the remainder and the reason why, and stating whatever information and knowledge you have concerning the unanswered portion and detailing what you did in attempting to secure the unknown information.

5.  If your response to these Interrogatories must be amended or supplemented because of information acquired by you subsequent to the service of your response, you must promptly serve your supplemental responses to the Interrogatory at issue in accordance with the Federal Rule of Civil Procedure 26(e).

6.  Where knowledge or information in the possession, custody or control of a party is requested, each Interrogatory requires disclosure of knowledge in possession of the party's agents, servants, employees, representatives and any other person acting on the party's behalf, including, unless privileged, that party's attorneys.

7.  If you object to an Interrogatory, the reasons for the objections shall be stated in writing and served upon Plaintiff's counsel. If an objection is made to part of an Interrogatory, the part shall be specified, with an answer provided to any part of the Interrogatory to which there is no objection. If you assert as an objection to any of these Interrogatories that the information sought is privileged, please state the privilege that you believe is involved, identifying each such privilege with the specific Interrogatory number that seeks such privileged information.

**INTERROGATORY NO. 1**

Identify or confirm the name(s), employer(s), title(s), current address(es), and phone number(s) of the officers, deputies, and/or other individual(s) working for, working in, or employed by the New River Valley Regional Jail who engaged, observed, participated in, took actions in connection with, and/or has knowledge of the arrest, booking, and/or detention of Joshua Lee Smith on or about May 3 or 4, 2020. The terms "arrest," "booking," and "detention" in this Interrogatory should be read in accordance with their plain meaning (i.e., construed to include the seizure, custody, official record, imprisonment, or confinement of Joshua Lee Smith), but should also be read to include the treatment and/or care of Joshua Lee Smith in the course of his arrest, booking, and detainment.

**INTERROGATORY NO. 2**

For each individual identified or confirmed in response to Interrogatory No. 1, describe in detail each individual's engagement, observation, participation in, actions taken in connection with, and/or knowledge of Joshua Lee Smith's arrest, booking, and/or detention on or about May 3 or 4, 2020.

Dated: [**DATE**]                                 Respectfully submitted,

                                                          */s/Aderson Francois*
                                                          Aderson Francois (D.C. Bar No. 498544)
                                                          (*pro hac vice*)
                                                          Lucia Goin (D.C. Bar. No. 1739389)
                                                          (*pro hac vice*)
                                                          Marissa K. Hatton (D.C. Bar No. 219291)
                                                          (*pro hac vice*)
                                                          CIVIL RIGHTS CLINIC
                                                          GEORGETOWN UNIVERSITY LAW
                                                          CENTER
                                                          600 New Jersey Avenue NW, Suite 352
                                                          Washington, DC 20001

(202) 661-6721
(202) 662-9546
Aderson.Francois@georgetown.edu
Lucia.Goin@georgetown.edu
Marissa.Hatton@georgetown.edu

Joshua Erlich (VSB No. 81298)
THE ERLICH LAW OFFICE, PLLC
2111 Wilson Blvd. #700
Arlington, VA 22201
Tel: (703) 791-9087
Fax: (703) 722-8114
Email:jerlich@erlichlawofice.com

*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
Roanoke Division

_____

JOSHUA LEE SMITH,                           )
                                            )
*Plaintiff*,                                )
                                            )
v.                                          )
                                            )
TWIN COUNTY REGIONAL HEALTHCARE,            )
MARIBEL RODRIGUEZ-MARTINEZ, M.D.,           )
LAURA B. LEONARD, R.N.,                      )
CRYSTAL N. COLEMAN, R.N.,                     )
TERESA L. WHITE, R.N.,                        )
and TWO UNNAMED NURSES, A and B;             )
                                            )
KARL R. HADE, EXECUTIVE SECRETARY OF )
THE SUPREME COURT OF VIRGINIA, in his       )
official capacity,                          )
HON. JEFFREY L. WRIGHT, in his official      )
capacity;                                   )
                                            )
CARROLL COUNTY SHERIFF KEVIN A.             )     **Case No. 7:22-cv-00238**
KEMP, in his official capacity, and DEPUTIES )
KEITH A. MUSSER,                             )
CHRISTOPHER R. MABRY,                        )
ANTHONY G. HORTON, and TWO UNNAMED )
DEPUTIES Y and Z,                            )
in their individual and official capacities; )
                                            )
NEW RIVER VALLEY REGIONAL JAIL              )
AUTHORITY, and                              )
MARY STEWART, JOLEN MABREY,                 )
ROBERTA WEBB, DEREK TRENAR, NIKOLAS )
MCGRADY, JUSTIN ARCHER, VERONICA            )
LOOP, DEREK TOLBERT, BRIAN COTTS,           )
MELISSA EDWARDS, JOHN MCNEELY,              )
ASHLEY UMBERGER, SHAUN BENZEL, and          )
BENJAMIN WATKINS, and THREE                 )
UNNAMED JAIL OFFICERS 1, 2, and 3,           )
in their individual and official capacities; )
                                            )
DOE OFFICERS 4 and 5;                        )
                                            )

1

and DOE individuals 6–10,        )
                                    )

*Defendants.*                    )

---

### <u>INTERROGATORIES NOS. 1–2 TO DEFENDANT TWIN COUNTY REGIONAL HEALTHCARE</u>

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the attached Court Order, Plaintiff Joshua Lee Smith requests that Defendant answer these Interrogatories separately and fully in writing, under penalty of perjury, and serve a copy of the answers at the offices of the Georgetown Law Civil Rights Clinic, 600 New Jersey Avenue NW, Washington D.C. 20001, and/or via email to lucia.goin@georgetown.edu within fourteen (14) calendar days of service of these Interrogatories.

## **INSTRUCTIONS**

1.  Each Interrogatory shall be answered on the basis of your entire knowledge, from all sources, after an appropriate and good-faith inquiry has been made.

2.  Unless otherwise specified, when construing the scope of these Interrogatories, the terms shall be given their most expansive and inclusive interpretations, including but not limited to:

    a.  Construing the words "and" and "or" in the conjunctive or disjunctive as necessary to make the Interrogatory more inclusive;

    b.  Construing the words "any" and "all" to mean "any and all" as necessary to make each Interrogatory more inclusive;

    c.  Construing the past or present tenses of a verb to mean the present or past tenses of the verb, respectively, as necessary to make each Interrogatory more inclusive;

    d.  Wherever any term is used in the singular, it should be construed to include the plural, and vice versa, in order that the scope of these Interrogatories shall encompass the broadest range of discoverable information possible;

    e.  Wherever any gender is indicated by any term in these Interrogatories, it should be construed to include the opposite gender or neuter in order that the scope of these Interrogatories shall encompass the broadest range of discoverable information possible.

3.  In answering each Interrogatory, you are required to furnish such information as is available to you, however obtained, including hearsay and information known by, or in the possession of, you or your agents, including every attorney representing you.

4. If each Interrogatory cannot be answered in full after exercising due diligence to secure the information, you must answer to the extent possible, specifying your inability to answer the remainder and the reason why, and stating whatever information and knowledge you have concerning the unanswered portion and detailing what you did in attempting to secure the unknown information.

5. If your response to these Interrogatories must be amended or supplemented because of information acquired by you subsequent to the service of your response, you must promptly serve your supplemental responses to the Interrogatory at issue in accordance with the Federal Rule of Civil Procedure 26(e).

6. Where knowledge or information in the possession, custody or control of a party is requested, each Interrogatory requires disclosure of knowledge in possession of the party's agents, servants, employees, representatives and any other person acting on the party's behalf, including, unless privileged, that party's attorneys.

7. If you object to an Interrogatory, the reasons for the objections shall be stated in writing and served upon Plaintiff's counsel. If an objection is made to part of an Interrogatory, the part shall be specified, with an answer provided to any part of the Interrogatory to which there is no objection. If you assert as an objection to any of these Interrogatories that the information sought is privileged, please state the privilege that you believe is involved, identifying each such privilege with the specific Interrogatory number that seeks such privileged information.

**<u>INTERROGATORY NO. 1</u>**

Identify or confirm the name(s), employer(s), title(s), current address(es), and phone number(s) of the individual(s) (e.g., doctor, nurse, or other health professional or employee) working for, working in, or employed by Twin County Regional Healthcare who provided Joshua Lee Smith with assistance and/or medical treatment, attempted to provide Joshua Lee Smith with medical treatment, or otherwise facilitated and/or assisted in the provision of medical treatment to Joshua Lee Smith on or about May 3 or 4, 2020.

**<u>INTERROGATORY NO. 2</u>**

For each individual identified or confirmed in response to Interrogatory No. 1, describe in detail each individual's provision of assistance and/or medical treatment, attempted provision of medical treatment, and/or facilitation or assistance in the provision of medical treatment to Joshua Lee Smith or on about May 3 or 4, 2020.

Dated: [**DATE**]                                       Respectfully submitted,

*/s/Aderson Francois*
Aderson Francois (D.C. Bar No. 498544)
(*pro hac vice)*
Lucia Goin (D.C. Bar. No. 1739389)
(*pro hac vice)*
Marissa K. Hatton (D.C. Bar No. 219291)
(*pro hac vice*)
CIVIL RIGHTS CLINIC
GEORGETOWN UNIVERSITY LAW
CENTER
600 New Jersey Avenue NW, Suite 352
Washington, DC 20001
(202) 661-6721
(202) 662-9546
Aderson.Francois@georgetown.edu
Lucia.Goin@georgetown.edu
Marissa.Hatton@georgetown.edu

Joshua Erlich (VSB No. 81298)
THE ERLICH LAW OFFICE, PLLC
2111 Wilson Blvd. #700
Arlington, VA 22201
Tel: (703) 791-9087
Fax: (703) 722-8114
Email:jerlich@erlichlawofice.com

*Counsel for Plaintiff*

6