# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| JOSHUA LEE SMITH, <br><br> *Plaintiff*, <br><br> v. <br><br> TWIN COUNTY REGIONAL HEALTHCARE, <br> MARIBEL RODRIGUEZ-MARTINEZ, M.D., <br> LAURA B. LEONARD, R.N., <br> CRYSTAL N. COLEMAN, R.N., <br> TERESA L. WHITE, R.N., <br> and TWO UNNAMED NURSES, A and B; <br><br> KARL R. HADE, EXECUTIVE SECRETARY OF <br> THE SUPREME COURT OF VIRGINIA, in his <br> official capacity, <br> HON. JEFFREY L. WRIGHT, in his official <br> capacity; <br><br> CARROLL COUNTY SHERIFF KEVIN A. <br> KEMP, in his official capacity, and DEPUTIES <br> KEITH A. MUSSER, <br> CHRISTOPHER R. MABRY, <br> ANTHONY G. HORTON, and TWO UNNAMED <br> DEPUTIES Y and Z, <br> in their individual and official capacities; <br><br> NEW RIVER VALLEY REGIONAL JAIL <br> AUTHORITY, and <br> MARY STEWART, JOLEN MABREY, <br> ROBERTA WEBB, DEREK TRENAR, NIKOLAS <br> MCGRADY, JUSTIN ARCHER, VERONICA <br> LOOP, DEREK TOLBERT, BRIAN COTTS, <br> MELISSA EDWARDS, JOHN MCNEELY, <br> ASHLEY UMBERGER, SHAUN BENZEL, and <br> BENJAMIN WATKINS, and THREE <br> UNNAMED JAIL OFFICERS 1, 2, and 3, <br> in their individual and official capacities; <br><br> DOE OFFICERS 4 and 5; | **Case No. 7:22-cv-00238** |

|   |   |
|---|---|
| and DOE individuals 6–10, | ) |
|  | ) |
| *Defendants*. | ) |

**MEMORANDUM IN SUPPORT OF
PLAINTIFF'S PARTIALLY OPPOSED MOTION TO
EXTEND THE SERVICE PERIOD BY THIRTY DAYS**

Plaintiff hereby submits this Memorandum in support of his Partially Opposed Motion to Extend the Service Period by Thirty Days. Plaintiff seeks from this Court an order extending the period of time that Plaintiff has to effect service of process on all parties from ninety days, *see* Federal Rule of Civil Procedure 4(m), to 120 days.

Plaintiff has contacted counsel for Defendants the New River Valley Regional Jail Authority ("NRVRJA"), Carroll County Sheriff Kevin A. Kemp ("Kemp"), Executive Secretary for the Supreme Court of Virginia Karl R. Hade ("Hade"), and Twin County Regional Healthcare ("TCRH"), to seek their agreement in connection with the present Motion. Defendants NRVRJA and Kemp have indicated that they consent to an extension of the service period; Defendant Hade has indicated that he does not taken a position on the extension and does not plan to oppose it; and Defendant TCRH has indicated that it does not agree with the extension of the service period.

**BACKGROUND**

Because of the time involved in identifying and serving the numerous individuals and entities involved in this matter, Plaintiff respectfully requests that this Court enlarge the amount of time during which Plaintiff can serve process on the outstanding parties.

Since the filing of his initial complaint on May 3, 2020, Plaintiff has served Defendants Twin County Regional Healthcare, Carroll County Sheriff Kevin A. Kemp, Karl R. Hade, and the New River Valley Regional Jail Authority. In an effort to ascertain the identities of the individuals named as Does, Plaintiff has further filed various requests under the Virginia Freedom of

Information Act ("FOIA") to the Carroll County Sheriff's Office, the Carroll County Circuit Court, the New River Valley Regional Jail, Carroll County, Pulaski County, Grayson County, the City of Galax, and under the federal Health Insurance Portability and Accountability Act of 1996 ("HIPAA") to Twin County Regional Healthcare, and, in reliance on the substance of those responses, he has amended his initial Complaint as a matter of course, *see* Dkt. 30. Plaintiff has further renewed his request for early discovery with this Court, *see* Dkt. 36, on July 7, 2022.

## ARGUMENT

Plaintiff has good cause for an enlargement of the period during which he may serve defendants with notice of this suit under Federal Rule of Civil Procedure 4(m). Plaintiff filed his initial complaint on May 3, 2022, and the ninety-day service period expires on August 1, 2022. *See* Fed. R. Civ. P. 4(m). Plaintiff seeks a thirty-day extension of this period, from August 1, 2022, to August 31, 2022.

Federal Rule of Civil Procedure 4(m) provides, "If a defendant is not served within 90 days after the complaint is filed, the court . . . must" either "[1] dismiss the action without prejudice against that defendant or [2] order that service be made within a specified time." The Fourth Circuit has interpreted this provision to mean that "a district court possesses discretion to grant the plaintiff an extension of time to serve a defendant with the complaint and summons even absent a showing of good cause[.]" *Gelin v. Shuman*, 35 F.4th 212, 220 (4th Cir. 2022). If a plaintiff establishes good cause for an extension, however, "the court *must* extend the time for service for an appropriate period." *Id.* at 219. (internal quotation marks omitted; emphasis in original).

Effectuating service of process in this case has required the expenditure of significant time and resources, due to the numerous entities named as defendants, the fact that many individuals and entities have been named as Does and require pre-discovery investigation, and the varying

3

statuses of the named entities (e.g., governmental, individual, and organizational). Courts have recognized that the presence of these factors counsel toward an exercise of discretion to extend the service-of-process period. *See, e.g., Veal v. U.S.*, 84 Fed. Appx. 253 (3d Cir. 2004) (describing "confusing" service requirements as a factor that "would frequently weigh in favor of exercising [] discretion" to grant an extension); *Allstate Ins. Co. v. Funai Corp.*, 249 F.R.D. 157, 165 (M.D. Pa. 2008) (stating that "whether service was to be made on multiple defendants" is a relevant factor in the discretion analysis); *Shaw v. D.C.*, No. CIV.A. 05-1284, 2006 WL 1371681, at *8 (D.D.C. May 15, 2006) (considering "whether the plaintiff has made diligent, good faith efforts to effect proper service of process" as a factor). Plaintiff asks this Court to exercise its discretion to extend the service period.

Even if this Court chooses not to exercise its discretion to extend the service period, however, Plaintiff has good cause for an extension of time. Good cause essentially "requires a showing of diligence on the part of the plaintiffs." *Attkisson v. Holder*, 925 F.3d 606, 627 (4th Cir. 2019). Courts "commonly" find good cause "when the failure of service is due to external factors, such as the defendant's intentional evasion of service"; for that reason, "significant periods of inactivity and a failure to seek extension of time before the deadline has lapsed tend to undercut any claim of good cause." *Gelin,* 35 F.4th at 218 (internal quotation marks and alterations omitted).

Plaintiff has acted expediently and diligently, avoided any "periods of inactivity," and any delay in service on defendants has resulted from "external factors," namely, the difficulty inherent in identifying the individuals he needs to serve. *See id.* Since the filing of his initial complaint on May 3, 2020, Plaintiff has served the named defendants, conducted the pre-discovery investigation described above, amended his initial Complaint as a matter of course, and has renewed his motion for early discovery. Should this Court grant Plaintiff's request for early discovery, and should

4

Plaintiff serve his early discovery immediately, Plaintiff will likely receive responses toward the end of July, which will leave just a couple of days to seek leave to amend his complaint and serve the additional defendants named in the suit. Plaintiff asks for an extension of time now to avoid a late-stage request for extra time, should anything arise in those few days that prevent or delay service on the known individuals. *See Gelin,* 35 F.4th at 218.

Should this Court deny Plaintiff's second request for early discovery, Plaintiff will need to secure contact information for and serve process on the twenty-two individuals who are now named on Plaintiff's First Amended Complaint. Locating the contact information for these individuals and ensuring they are properly served may take a significant amount of time and require multiple attempts at service. For this reason, Plaintiff requests an extension of time without conditioning his request on whether this Court chooses to grant his renewed request for expedited limited discovery in this case.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court enlarge the period in which Plaintiff may serve process on all defendants. A Proposed Order is filed herewith.