IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

|  |  |
|---|---|
| JOSHUA LEE SMITH, <br><br> *Plaintiff*, <br><br> v. <br><br> TWIN COUNTY REGIONAL HEALTHCARE, *et al.*, <br><br> *Defendants*. | Case No. 7:22-cv-00238 <br><br> **PLAINTIFF'S OPPOSITION TO DEFENDANT KARL R. HADE'S MOTION TO DISMISS** |

    Plaintiff Joshua L. Smith opposes the Motion to Dismiss (ECF No. 52) of Defendant Karl R. Hade. Pursuant to this Court's July 18, 2022 Order (ECF No. 55), this Memorandum of Opposition is timely submitted. Mr. Smith has plausibly and adequately pleaded his claim against Defendant Hade arising under the Americans with Disabilities Act ("ADA"), and this Court should sustain Mr. Smith's ADA claim (Claim V) against Defendant Hade.

## INTRODUCTION

    Defendant Hade advances no meaningful argument against the merits of Mr. Smith's ADA claim arising from a judicial proceeding where Mr. Smith was denied bond on the basis of a perceived substance abuse disorder and ultimately incarcerated because he was physically unable to stand up. Indeed, Defendant Hade implicitly concedes that Mr. Smith has stated a claim for a violation of the ADA on the basis of being denied the ability to defend himself in a judicial proceeding due to his disability. Defendant Hade does not contest that Mr. Smith is a qualifying individual with a disability, nor does he challenge that Mr. Smith is entitled to nondiscrimination in Virginia's judicial system under the ADA. Instead, Defendant Hade advances various defenses and immunities that have been rejected by numerous courts, none of which are availing.

1

**STANDARD OF REVIEW**

When ruling on a motion brought pursuant to Rule 12(b)(6), this Court "must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017). While "the complaint must contain sufficient facts to state a claim that is plausible on its face, it nevertheless need only give the defendant fair notice of what the claim is and the grounds on which it rests." *Id.* A Rule 12(b)(6) motion to dismiss "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020).

When ruling on a motion brought pursuant to Rule 12(b)(1), a court must "view the alleged facts in the light most favorable to the plaintiff, similar to an evaluation pursuant to Rule 12(b)(6)." *Lovern v. Edwards,* 190 F.3d 648, 654 (4th Cir.1999). Dismissal under Rule 12(b)(1) is proper "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999).

**ARGUMENT**

This Court should deny Defendant Hade's motion because (I) Mr. Smith has plausibly alleged a violation of the ADA against Defendant Hade, and (II) this Court has subject matter jurisdiction over Mr. Smith's ADA claim.

**I.      Mr. Smith Has Plausibly Alleged an ADA Violation Against Defendant Hade**

Mr. Smith has plausibly and properly alleged an ADA violation against Defendant Hade because (A) Mr. Smith's allegations, taken as true, state a valid ADA claim against Defendant Hade, and (B) Mr. Smith's ADA claim is timely under the Americans with Disabilities Amendments Act of 2008 ("ADA Amendments Act" or "ADAAA") statute of limitations.

### A. Taken as True, Mr. Smith's Complaint States an ADA Claim Against Defendants Hade and Wright

Defendant Hade concedes that Mr. Smith has stated a claim for a violation of the ADA on the basis of Mr. Smith being denied "the ability to defend himself in a judicial proceeding by conditioning the outcome of his hearing on an activity that he could not complete because of his disability." *See* ECF 53 at p. 12, citing FAC ¶ 223.

The remainder of Defendant Hade's substantive argument recasts Plaintiff's ADA claim as one of "defects in courthouse facilities," incorrectly narrowing the scope of the claim to issues such as "furniture and other equipment" in magistrates' offices. Ultimately, this misdirection renders Defendant Hade's remaining 12(b)(6) arguments inapplicable. Mr. Smith does not allege that he was literally denied entry to the courthouse, nor does he contend that his discrimination could have been avoided if Carroll County, as the "fee simple" title holder for the offices of Magistrate judges, provided more "suitable spaces," as Defendant Hade suggests. Mr. Smith's ADA claim does not concern courthouse facilities themselves, but rather unequal *treatment* in the administration of judicial services on the basis of disability. Thus Defendant Hade's attempt to shift blame to Carroll County misses the mark. Mr. Smith's argument turns on the ADA's requirement that "if a person is disabled and otherwise qualified, the state must ensure that the person is not denied the benefits of services, activities, or programs because of his or her disability." *See, e.g.*, *Zemedagegehu v. Arthur*, No. 1:15CV57 JCC/MSN, 2015 WL 1930539, at *7 (E.D. Va. Apr. 28, 2015). Regardless of Mr. Smith's physical access to the courthouse, once inside, he was denied the benefits of services and programs of the courthouse—i.e., a fair bond hearing—on the basis of his disability.

Specifically, Mr. Smith has alleged that Defendant Hade has violated the ADA both vicariously (through the acts of Defendant Wright) and directly, by failing to administer judicial

services and programs in compliance with Title II of the ADA. Defendant Hade's actions directly contravene the ADA's requirements of "program accessibility," and its specific purpose to prevent "unequal treatment of disabled persons in the administration of judicial services." *Tennessee v. Lane*, 541 U.S. 509, 531 (2004). Mr. Smith has alleged that Hade is responsible for appointing magistrates (FAC ¶ 12), assisting with ADA accommodations for public programs and services of Magistrate judges (¶ 11), and carrying out the duty of making reasonable policies, programs, and modifications to comply with the ADA (¶ 14). Specifically, Mr. Smith has alleged that Defendant Hade enters into agreements to ensure the Virginia judiciary's compliance with the ADA (¶ 15). Mr. Smith has alleged that Defendant Hade is responsible for training and educating all judicial branch employees (¶ 13), which includes Judge Wright (¶ 16), who denied Mr. Smith bond because Mr. Smith was temporarily neurologically impaired due to disability (¶ 86), and was presently unable to use his legs during a bond hearing due to disability (¶ 86). Mr. Smith has alleged that Judge Wright conditioned his freedom on his ability to "stand up and talk to [him] like a man" (¶ 85), despite Mr. Smith's medical emergency rendering him unable to stand. Mr. Smith has alleged that he was denied a full and fair bond hearing because the presiding Magistrate regarded him as a "junkie" (¶ 87)—the exact type of "unequal treatment of disabled persons in the administration of judicial services" that the ADA is designed to protect against. *See Lane*, 541 U.S. at 531 (2004). These actions, caused by Defendant Hade and judicial officials over whom he had training and ADA enforcement obligations, contravene the ADA's prohibition on disability discrimination in the administration of judicial services.

Mr. Smith has alleged that Defendant Hade failed to discharge his duties to ensure equal access to fair bail and bond proceedings, and in particular, failed to educate and train judicial personnel to avoid discrimination on the basis of an individual's physical ability or their perceived

status as a person with substance abuse disorder (¶ 227). Importantly, the ADAAA's "implementing regulations clarify that '[t]he primary object of attention in cases brought under the ADA should be whether covered entities have complied with their obligations and whether discrimination has occurred.'" *Donaldson v. Trae-Fuels, LLC*, 399 F. Supp. 3d 555, 558–59 (W.D. Va. 2019) (*citing* 29 C.F.R. § 1630.1(c)(4)). Mr. Smith has plausibly alleged that Defendant Hade and Defendant Wright failed to comply with obligations under the ADA, and that as a direct result, discrimination occurred (¶¶ 14, 227).

> **B. Mr. Smith's Claim is Timely Because the Four-Year ADA Amendments Act Statute of Limitations Applies**

Mr. Smith's ADA claim on the basis of substance abuse disorder and its observable effects—in particular, his cognitive impairment and inability to stand during a bond hearing—is cognizable only because of the 2008 ADAAA, and therefore a four-year statute of limitations applies to his claim. *Latson v. Clarke*, No. 1:16CV00039, 2017 WL 3098124, at *1 ("If [plaintiff's] claim was made possible by the ADA Amendments Act rather than the pre-amendment ADA, then he can invoke the four-year statute of limitations.").

The ADA does not itself contain a statute of limitations, so when determining whether an ADA action is timely, federal courts either (1) "borrow the state statute of limitations that applies to the most analogous state-law claim," or "apply the federal four-year catch-all limitations period," *A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 347 (4th Cir. 2011); *Latson*, 2017 WL 3098124 at *1 (internal quotation marks omitted). Whether a court applies the federal or the state statute-of-limitations depends on whether the plaintiff's claim "arises under" the ADAAA or the original, unamended ADA of 1990. *See Latson*, 2017 WL 3098124, at *1–2; *see also Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004); *Evans v. Vanderbilt Univ. Sch. of Med.*, No.

3:21-CV-00439, 2022 WL 666971, at *5 (M.D. Tenn. Mar. 4, 2022). Claims that were "made possible" by the 2008 ADAAA carry a four year statute of limitations.

Mr. Smith's disability discrimination claims were made possible by the ADAAA, and thus the four-year statute of limitations applies. Prior to the enactment of the 2008 ADAAA, addiction and substance abuse were often not considered disabilities under the ADA, because they were "temporary" in nature. *See, e.g.,* 29 C.F.R. § 1630.2(j), App. (1996) ("Temporary, non-chronic impairments of short duration, with little or no long term or permanent impact, are usually not disabilities."). However, the ADAAA made three changes that expanded protection to individuals with addiction disorders.

First and most importantly, the ADAAA made clear that impairments that are "episodic" or "in remission"—like substance-abuse disorders—can still qualify as "disabilities" under the ADA if they would "substantially limit a major life activity when active." 42 U.S.C. § 12102(4)(D). Notably, the "episodic" signs of disability used to discriminate against Mr. Smith during his bond hearing, including compromised cognition and inability to stand (¶¶ 75, 82, 86–87), were exactly this type of impairment: while not present in Mr. Smith at all times or while he was "in remission," they were "episodic" in nature, arose directly from his substance abuse disorder, and would substantially limit a major life activity when active. *See* 2008 ADA Amendments, 42 U.S.C. § 12102(4)(D).

Second, the ADAAA stated that the determination of "whether an impairment substantially limits a major life activity" must be made "without regard to" whether the individual relies on "mitigating measures," such as "medication," or "learned behavioral . . . modifications." *Id.* § 12102(4)(E)(i)(I), (IV). Third, the ADAAA broadened both the interpretation of "substantially limits" and "major life activity" "in favor of broad coverage of individuals." *Id.* § 12102(4)(A).

6

These broadened definitions encompassed the state of Mr. Smith's substance abuse disorder, for which he used mitigating measures (¶¶ 31–34) but that nonetheless substantially limited his life activity and which also put him at heightened risk of secondary medical effects (¶ 35), including "episodic" disability (¶ 38–41, 86).

Implementing regulations of the ADAAA have now made explicit that addiction is a disability under the ADA. *See* 28 C.F.R. § 35.108(a)(1) (2016) (defining "disability" as "a physical or mental impairment that substantially limits one or more major life activities"); *id*. § 35.108(b)(2) (stating that "physical or mental impairment" includes "drug addiction"). Mr. Smith's substance abuse disorder is definitionally the type of "disability" conceptualized by Congress in the ADAAA. Mr. Smith's allegations of disability discrimination during his bond hearing arise because he was perceived as a "junkie," (¶ 86–87), and he has alleged that he is a "qualified individual with a disability" under 42 U.S.C. § 12132 because he suffers from addiction, substance-abuse disorder, and the physical consequences of addiction, (¶¶ 34, 86, 202, 219). "[B]y reason of such disability," 42 U.S.C. § 12132, he further alleges that was denied the services, programs, or activities of the Virginia court system, and was subjected to discrimination by that entity, *see* (¶¶ 83–91, 215–228).

Congress "broadened the definition of 'disability' by enacting the ADA Amendments Act of 2008," and its principal purpose is "to make it easier for people with disabilities to obtain protection under the ADA." *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 572 (4th Cir. 2015) (internal citation and quotations omitted). Recognition of Mr. Smith's claim as falling within the broadened definition of "disability" made possible by the ADAAA not only comports with the requirement to "draw all reasonable inferences in favor of the Plaintiff,"

*see Ray*, 948 F.3d at 226, but effectuates Congress's purpose in expanding ADA protections through the ADAAA. *See Jacobs*, 780 F.3d at 572.

## II. This Court has Subject-Matter Jurisdiction over Mr. Smith's ADA Claim Against Defendant Hade

This Court has subject matter jurisdiction over Mr. Smith's ADA claim because (A) sovereign immunity does not apply to Defendant Hade in this action, and (B) judicial immunity does not apply to Defendant Hade because he is an administrator sued in his official capacity.

### A. State Sovereign Immunity Does Not Apply to Defendant Hade in this ADA Action

Defendant Hade is not immune to suit on the basis of his role as Executive Secretary; state officers sued in their official capacity receive sovereign immunity to the same extent as the state itself, and "Title II [of the ADA] validly abrogates state sovereign immunity." *United States v. Georgia*, 546 U.S. 151, 159 (2006); *see also Tennessee v. Lane*, 541 U.S. 509, 531 (2004) ("[W]e find that Title II unquestionably is valid § 5 legislation [under the Fourteenth Amendment] as it applies to the class of cases implicating the accessibility of judicial services.").

The remainder of Defendant Hade's cursory immunity argument rests on the argument that he has no specific involvement in Mr. Smith's arrest; but Defendant Hade's direct relationship to ADA compliance in the Virginia judicial system and his role in "enforc[ing] the policy or statute" renders him liable for ADA policy violations. *See Courthouse News Serv. v. Hade*, No. 3:21CV460-HEH, 2022 WL 141532, at *3–4 (E.D. Va. Jan. 14, 2022) (extending liability to Secretary Hade on the basis of applicable exception to state sovereign immunity). Just as Defendant Hade plausibly had vicarious control over the website at issue in *Courthouse News*, "Defendant Hade operates and maintains" the system of ADA compliance of Magistrate judges in Virginia. *See id.* Mr. Smith has adequately alleged that Defendant Hade maintains a special relationship to the disability discrimination at issue in this case and has failed enforce the ADA

8

and ensure ADA compliance amongst magistrate judges (¶¶ 11–16), causing Mr. Smith's injuries (¶ 227). This the Court has subject matter jurisdiction over the claims against Defendant Hade, despite his claims of minimal involvement in the discriminatory actions taken against Mr. Smith. *See Courthouse News Serv.,* 2022 WL 141532, at *4 ("[E]ven accepting Defendant Hade's argument that he does not have unilateral control over court records inside of [the internet system for remote access to court records], [Plaintiff] has adequately alleged that he maintains a 'special relation' to the challenged policy and has 'acted or threatened' to enforce it. Thus, the Court has subject matter jurisdiction over the claims against Defendant Hade and his Motion to Dismiss will be denied.") (internal citation omitted). Even absent the ADA violations committed by Defendant Wright, which form an independent basis for liability against Defendant Hade, Mr. Smith has plausibly alleged an ADA violation fairly traceable to Defendant Hade.

### B. Judicial Immunity Does Not Apply to Defendant Hade Because He is a Court Administrator Sued in His Official Capacity

Defendant Hade is not entitled to judicial immunity because (1) judicial immunity applies only in personal-capacity suits, and (2) absolute judicial immunity does not apply to court administrators like Defendant Hade.

#### 1. Judicial Immunity Applies Only to Personal-Capacity Suits

Judicial immunity, like all other forms of personal immunities, does not apply to suits brought against defendants in their official capacities. Judicial immunity is a form of *personal* immunity, and does not apply to official-capacity suits. Both Defendants Hade and Wright are

9

each sued in their official, not individual, capacities, and so neither may raise judicial immunity as a defense to Mr. Smith's claims against them.[1]

Defendant Hade confuses the distinction between and consequences flowing from suits brought against an individual in their personal capacity, and suits brought against an individual in their official capacity. Personal-capacity suits "impose *personal* liability upon a government official for actions he has taken under color of state law," *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (emphasis added); official-capacity suits, instead, "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690, n. 55 (1978). Both types of suits seek to impose liability on an individual acting under color of law; the principal distinction between personal-capacity and official-capacity suits is the individual on whom the plaintiff seeks to impose liability. *See Kentucky*, 473 U.S. at 165.

For this reason, absolute and qualified immunity defenses extend only to individuals subjected to personal liability, *see Harlow v. Fitzgerald*, 457 U.S. 800, 806 (1982), and the only immunity defenses available in an official-capacity suit, like the present suit against Defendant Hade, "are forms of sovereign immunity that the entity, *qua* entity, may possess, such as the Eleventh Amendment."[2] *Kentucky*, 473 U.S. at 167. Because Plaintiff's claims arise under the

---

[1] Defendant erroneously states that Plaintiff sues Judge Wright in both his individual and official capacities, *see* Br. 3 n1. Both Plaintiff's initial complaint and his First Amended Complaint state that both Defendant Hade and Defendant Wright are sued only in their official capacities. *See* ECF No.1; ECF No. 30.

[2] *See also, e.g., Almonte v. City of Long Beach*, 478 F.3d 100, 106 (2d Cir. 2007) ("Immunity, either absolute or qualified, is a personal defense that is available only when officials are sued in their individual capacities[.]"); *United Pet Supply, Inc. v. City of Chattanooga, Tenn*., 768 F.3d 464, 484 (6th Cir. 2014) ("We have always understood qualified immunity to be a defense available only to individual government officials sued in their *personal* capacity.") (emphasis added); *DeLong v. I.R.S.*, 908 F.2d 966 (4th Cir. 1990) ("While the defense of sovereign immunity

ADA, no such sovereign immunity exists. *See, e.g.*, *Georgia*, 546 U.S. at 159 (2006); *Lane*, 541 U.S. at 531. Defendant Hade's cited cases arguing to the contrary—all of which are unpublished, non-binding authorities—are inapposite.

Importantly, Defendant Hade erroneously casts Mr. Smith's request for relief as seeking only declaratory relief and damages—omitting prospective injunctive relief in an effort to escape official-capacity liability. But Mr. Smith has sought injunctive relief, and he has specifically alleged that he was ordered on May 10, 2022 to set a future hearing date to continue his judicial proceedings (¶ 132), and has been unable to set that date because he has spent the last two years incapacitated and receiving hospital treatment for his quadriplegia (¶ 134). Therefore, Mr. Smith still has an outstanding obligation to set a hearing and return to the same court that discriminated against him in order to continue the proceedings from May 2020. In addition to declaratory relief, and in the face of a looming obligation to return to the court that discriminated against him on the basis of his disability, Mr. Smith sought injunctive relief. Such relief would, among other things, require Defendant Hade to comply with ADA requirements in the future administration of judicial proceedings.

Because Defendants Hade and Wright are sued in their official capacities under the ADA, judicial immunity is inapplicable. *See Livingston v. Guice*, 68 F.3d 460, *4–5 (4th Cir. 1995) ("[T]he acts of Judge Guice are, in fact, acts of the state as well. . . . [b]ecause we find the district court's sole basis for granting defendants' Rule 12(b)(6) motions was its mistaken view of the

---

is unavailable to those sued in personal-capacity suits, defenses of absolute or qualified immunity may still be available."); *Vanhorn v. Oelschlager*, 502 F.3d 775, 779 (8th Cir. 2007) ("[A]bsolute, quasi-judicial immunity is not available for defendants sued in their official capacities."); *Turner v. Houma Mun. Fire & Police*, 229 F.3d 478, 483 (5th Cir. 2000) ("[D]efenses such as absolute quasi-judicial immunity, that only protect individuals in their individual capacities, are unavailable in official capacity suits.").

scope of judicial immunity, we reverse . . . for further consideration of [Plaintiff's] claims under the ADA."). A similar case, presented before the Southern District of Indiana, confirmed that judicial immunity is not available in official-capacity suits against judicial defendants under the ADA. There, despite the defendants' argument that each of the named judges were subject to absolute judicial immunity arising from their failure to provide the plaintiff with hearing aids, the court concluded that that "absolute judicial immunity [did] not shield" them from suit under the ADA. *Prakel v. Indiana*, 100 F. Supp. 3d 661, 677 (S.D. Ind. 2015). The court reasoned that the defense is "reserved for individuals," and the plaintiff had named "all defendants . . . in their official capacities." *Id.*

Importantly, Defendant Hade may not rely on the "supposed immunity" of Defendant Wright—which does not exist in the ADA context—to escape suit. *See Livingston*, 68 F.3d at *4–5 ("[T]he district court dismissed [the plaintiff's] claim against the state based upon its erroneous conclusion that the judge was entitled to judicial immunity. . . . Having rejected the underlying premise of the district court's argument, we conclude that the State could not rely on its codefendant's supposed immunity in order to shield itself from suit.").

      **2.**      **Absolute Judicial Immunity Does Not Protect Court Administrators like Defendant Hade**

Defendant Hade cannot invoke absolute judicial immunity for a second, entirely independent reason: he is not a judge, but rather an administrator. Defendant Hade does not argue—nor could he—that his role to "provide administrative support for all of the courts and magistrate offices of the commonwealth"[3] involves the type of judicial discretion that is afforded

---

[3]*See* Office of the Executive Secretary, Virginia Courts, available at https://www.vacourts.gov/courtadmin/aoc/oes/home.html

immunity. "Where an official is not called upon to exercise judicial or quasi-judicial discretion, courts have properly refused to extend to him the protection of absolute judicial immunity, regardless of any apparent relationship of his role to the judicial system." *McCray v. State of Md.*, 456 F.2d 1, 3–4 (4th Cir. 1972). Defendant Hade's role to ensure judicial compliance with Title II of the ADA, to assist with judicial accommodations, to train and educate all judicial branch employees, and to promote and administer policies to ensure ADA compliance are administrative functions to which judicial immunity does not extend. *See, e.g.*, *Forrester v. White*, 484 U.S. 219, 228 (1988) ("[J]udicial immunity has not been extended to judges acting to promulgate a code of conduct for attorneys."). Where judicial immunity is not extended even to *judges* performing administrative acts, it does not extend to *non*-judges performing administrative acts.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant Hade's Motion to Dismiss.

Dated: August 3, 2022                                          Respectfully submitted,

*/s/Aderson Francois*
Aderson Francois (D.C. Bar No. 498544)
(*pro hac vice)*
Lucia Goin (D.C. Bar. No. 1739389)
(*pro hac vice*)
Marissa K. Hatton (D.C. Bar No. 219291)
(*pro hac vice*)
CIVIL RIGHTS CLINIC
GEORGETOWN UNIVERSITY LAW CENTER
600 New Jersey Avenue NW, Suite 352
Washington, DC 20001
(202) 661-6721
(202) 662-9546
Aderson.Francois@georgetown.edu
Lucia.Goin@georgetown.edu
Marissa.Hatton@georgetown.edu

/s/ Joshua Erlich
Joshua Erlich (VSB No. 81298)
THE ERLICH LAW OFFICE, PLLC
2111 Wilson Blvd. #700
Arlington, VA 22201
Tel: (703) 791-9087
Fax: (703) 722-8114
Email:jerlich@erlichlawofice.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 3, 2022, I filed a copy of the foregoing document with the Clerk of the Court using the CM/ECF system, which will provide copies to all counsel of record who have entered appearances. As all parties have not yet been served with process, service was not completed on all parties.

/s/ Marissa Hatton

Counsel for Plaintiff