IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
(Roanoke Division)

| | |
|---|---|
| JOSHUA LEE SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 7:22-cv-00238 |
| ) | |
| TWIN COUNTY REGIONAL ) | JUDGE: Hon. Elizabeth K. Dillon |
| HEALTHCARE, et al. ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT MARIBEL RODRIGUEZ-MARTINEZ, M.D.'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW Defendant Maribel Rodriguez-Martinez, M.D., by counsel, and states the following for her Answer to Plaintiff's First Amended Complaint:

**INTRODUCTION**

All allegations in the introductory paragraph pertaining to Defendant are summarily denied.

**I. Jurisdiction and Venue**

1. Paragraphs 1 through 3 contain only conclusions of law to which no response is required.

**II. Parties**

2. Defendant lacks sufficient facts and information to admit the truth of the allegations in paragraphs 4 through 6, and therefore denies the same.

3. Paragraph 7 contains only allegations against other Defendants for whose conduct this Defendant is legally not responsible, so no response is required. To the extent a response is

required, Defendant states it lacks sufficient facts and information to admit the truth of the allegations in those paragraphs.

4. Defendant admits the allegations in paragraph 8.

5. Paragraphs 9 and 10 contain only allegations against other Defendants for whose conduct this Defendant is legally not responsible, so no response is required. To the extent a response is required, Defendant states it lacks sufficient facts and information to admit the truth of the allegations in those paragraphs.

6. Paragraphs 11 through 27 contain only allegations against other Defendants for whose conduct this Defendant is legally not responsible, so no response is required. To the extent a response is required, Defendant states it lacks sufficient facts and information to admit the truth of the allegations in those paragraphs.

### III. Factual allegations

7. Defendant lacks sufficient facts and information to admit the truth of the allegations in paragraphs 28 through 35, and therefore denies the same.

8. Defendant denies the allegations contained in paragraph 36.

9. Defendant lacks sufficient facts and information to admit the truth of the allegations in paragraphs 37 through 42, and therefore denies the same.

10. Defendant admits that Plaintiff was transported to the emergency room at Twin County Regional Healthcare in Galax, Virginia, but lacks sufficient facts and information to admit the truth of the remainder of the allegations in paragraph 43.

11. The allegations of paragraphs 44 and 45 of the Complaint appear to be an attempt to summarize and characterize entries in the medical chart, and as such, are incomplete and misleading, and are therefore denied.

12. Defendant denies the allegations contained in paragraphs 46 through 48.

13. Defendant lacks sufficient facts and information to admit the truth of the allegation in paragraph 49.

14. Defendant denies the allegations contained in paragraphs 50 through 51.

15. Defendant denies the allegations contained in paragraph 52 as phrased but admits the allegations that are consistent with the medical record.

16. Defendant denies the allegations contained in paragraph 53 and 54.

17. Defendant admits only those allegations in paragraphs 55 through 59 that are entirely consistent with Plaintiff's medical records. Defendant denies all inconsistent allegations.

18. Defendant denies the allegations contained in paragraph 60.

19. Defendant lacks sufficient facts and information to admit the truth of the allegation in paragraph 61.

20. Paragraphs 62 through 134 contain only allegations against other Defendants for whose conduct this Defendant is legally not responsible, so no response is required. To the extent a response is required, Defendant states it lacks sufficient facts and information to admit the truth of the allegations in those paragraphs.

21. Defendant lacks sufficient facts and information to admit the truth of the allegations in paragraphs 135 through 144.

### III. Claims

22. Defendant adopts her responses to the allegations in paragraphs 1 through 144 as if fully recited herein.

23. Paragraphs 146 through 158 contain only allegations against other Defendants for whose conduct this Defendant is legally not responsible, so no response is required. To the extent

a response is required, Defendant states it lacks sufficient facts and information to admit the truth of the allegations in those paragraphs.

24. Defendant adopts her responses to the allegations in paragraphs 1 through 144 as if fully recited herein.

25. Paragraph 160 sets forth a conclusion of law to which no response is required.

26. Paragraphs 161 through 177 contain only allegations against other Defendants for whose conduct this Defendant is legally not responsible, so no response is required. To the extent a response is required, Defendant states it lacks sufficient facts and information to admit the truth of the allegations in those paragraphs.

27. Defendant adopts her responses to the allegations in paragraphs 1 through 144 as if fully recited herein.

28. Paragraphs 179 through 198 contain only allegations against other Defendants for whose conduct this Defendant is legally not responsible, so no response is required. To the extent a response is required, Defendant states it lacks sufficient facts and information to admit the truth of the allegations in those paragraphs.

29. Defendant adopts her responses to the allegations in paragraphs 1 through 144 as if fully recited herein.

30. Defendant lacks sufficient facts and information to admit the truth of the allegations in paragraph 200 through 202, and therefore denies the same.

31. Paragraphs 203 through 205 contain legal conclusions to which no response is required.

32. Defendant denies that she was employed by, or a member of, the Twin County Regional Hospital staff and further denies the remainder of the allegations contained in paragraphs 206 through 208.

33. Paragraphs 209 through 211 contain conclusions of law to which no response is required.

34. Paragraphs 212 and 213 contain allegations only against other Defendants for whose conduct this Defendant is legally not responsible, so no response is required.

35. Defendant denies the allegations contained in paragraph 214.

36. Defendant adopts her responses to the allegations in paragraphs 1 through 144 as if fully recited herein.

37. Paragraphs 216 through 228 contain only allegations against other Defendants for whose conduct this Defendant is legally not responsible, so no response is required. To the extent a response is required, Defendant states it lacks sufficient facts and information to admit the truth of the allegations in those paragraphs.

38. Defendant adopts her responses to the allegations in paragraphs 1 through 144 as if fully recited herein.

39. Paragraphs 230 through 237 contain only allegations against other Defendants for whose conduct this Defendant is legally not responsible, so no response is required. To the extent a response is required, Defendant states it lacks sufficient facts and information to admit the truth of the allegations in those paragraphs.

40. Defendant adopts her responses to the allegations in paragraphs 1 through 144 as if fully recited herein.

41. Paragraph 239 contains only a conclusion of law to which no response is required.

42. Paragraphs 240 and 241 contain legal conclusions to which no response is required. Defendant denies that she was employed by Twin County Regional Healthcare at the relevant time. Defendant admits that she provided medical services at Twin County Regional Healthcare at the relevant time.

43. Defendant denies the allegations contained in paragraphs 242 through 251.

44. Defendant adopts her responses to the allegations in paragraphs 1 through 144 as if fully recited herein.

45. Paragraphs 253 through 258 contain only allegations against other Defendants for whose conduct this Defendant is legally not responsible, so no response is required. To the extent a response is required, Defendant states it lacks sufficient facts and information to admit the truth of the allegations in those paragraphs.

46. Defendant adopts her responses to the allegations in paragraphs 1 through 144 as if fully recited herein.

47. Paragraphs 260 through 265 contain only allegations against other Defendants for whose conduct this Defendant is legally not responsible, so no response is required. To the extent a response is required, Defendant states it lacks sufficient facts and information to admit the truth of the allegations in those paragraphs.

48. Defendant adopts her responses to the allegations in paragraphs 1 through 144 as if fully recited herein.

49. Paragraphs 267 through 271 contain only allegations against other Defendants for whose conduct this Defendant is legally not responsible, so no response is required. To the extent a response is required, Defendant states it lacks sufficient facts and information to admit the truth of the allegations in those paragraphs.

50. Defendant adopts her responses to the allegations in paragraphs 1 through 144 as if fully recited herein.

51. Paragraph 273 contains only allegations against other Defendants for whose conduct this Defendant is legally not responsible, so no response is required. To the extent a response is required, Defendant states it lacks sufficient facts and information to admit the truth of the allegations in those paragraphs.

52. Defendant denies that she was employed by Twin County Regional Healthcare. The remainder of the allegation of paragraph 274 contain allegations against other Defendants for whose conduct this Defendant is legally not responsible, so no response is required. To the extent a response is required, Defendant states it lacks sufficient facts and information to admit the truth of the allegations in those paragraphs.

53. Paragraph 275 contains only allegations against other Defendants for whose conduct this Defendant is legally not responsible, so no response is required. To the extent a response is required, Defendant states it lacks sufficient facts and information to admit the truth of the allegations in those paragraphs.

54. Defendant denies the allegations contained in paragraph 276.

55. Paragraph 277 contains only allegations against other Defendants for whose conduct this Defendant is legally not responsible, so no response is required. To the extent a response is required, Defendant states it lacks sufficient facts and information to admit the truth of the allegations in those paragraphs.

56. Defendant denies the allegations contained in paragraph 278.

57. Paragraph 279 contains only allegations against other Defendants for whose conduct this Defendant is legally not responsible, so no response is required. To the extent a response is

required, Defendant states it lacks sufficient facts and information to admit the truth of the allegations in those paragraphs.

58. Defendant denies the allegations contained in paragraphs 280 through 282.

59. Defendant adopts her responses to the allegations in paragraphs 1 through 144 as if fully recited herein.

60. Paragraph 284 contains only allegations against other Defendants for whose conduct this Defendant is legally not responsible, so no response is required.

61. Defendant denies that she was employed by Twin County Regional Healthcare at the relevant time. The remainder of Paragraph 285 contains legal conclusions to which no response is required.

62. Defendant denies the allegations in paragraphs 286 through 290.

63. Defendant states that all allegations not specifically admitted herein are denied.

## IV. Damages

64. To the extent that Paragraphs 291 through 293 assert claims of damages caused by this Defendant, they are denied.

## V. Prayer For Relief

65. No response is required to the Plaintiff's prayer for relief.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's claims are subject to the cap on damages established by section 8.01-581.15 of the Code of Virginia.

2. This Defendant reserves the right to assert the applicable statute of limitations, Plaintiff's failure to effect timely service, failure to obtain the statutorily required written expert opinion, or other bar to Plaintiff's claims if discovery discloses a basis therefore.

     3.     This Defendant asserts that Plaintiff's injuries and damages, if any, were caused by parties over whom this Defendant had no control or right of control.

     4.     This Defendant reserves the right to amend her Answer at such time as additional information comes to her attention during the discovery process or at the trial of this action.

     5.     The fact that this Defendant has not asserted additional defenses in this Answer should not be taken as a waiver of any defense.

     6.     This Defendant demands a trial by jury.

                              Respectfully submitted,

                                MARIBEL RODRIGUEZ-MARTINEZ, M.D.
                                By Counsel

BLANKINGSHIP & KEITH, P. C.
4020 University Drive, Suite 300
Fairfax, Virginia 22030
Phone: 703-691-1235
Fax: 703-691-3913

By: */s/ Cynthia L. Santoni*
     Cynthia L. Santoni, VSB No. 23172
     Aneta Nikolic, VSB No. 92432
     csantoni@bklawva.com
     anikolic@bklawva.com
     *Counsel for Defendant Maribel Rodriguez-Martinez, M.D.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of April 2023, a true copy of the foregoing Answer to Plaintiff's First Amended Complaint was filed with the Clerk of Court and served upon counsel of record via CM/ECF.

*/s/ Cynthia L. Santoni*
Cynthia L. Santoni, VSB No. 23172
Aneta Nikolic, VSB No. 92432
Blankingship & Keith, P.C.
4020 University Drive, Suite 300
Fairfax, Virginia 22030
Phone: (703) 691-1235
Fax: (703) 691-3913
csantoni@bklawva.com
anikolic@bklawva.com
*Counsel for Defendant Maribel Rodriguez-Martinez, M.D.*