IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

JOSHUA LEE SMITH,                    )
                                     )
            Plaintiff,               )
                                     )
v.                                   )        Case No. 7:22-cv-00238
                                     )
TWIN COUNTY REGIONAL                 )
HEALTHCARE, et al.,                  )
                                     )
            Defendants.              )

## ANSWER

COME NOW the Defendants Carroll County Sheriff Kevin A. Kemp, Keith A. Musser, Christopher R. Mabry, Anthony G. Horton, New River Valley Regional Jail Authority, Justin Archer, Shaun Benzel, Brian Crotts, Melissa Edwards, Veronica Loop, Jolene Mabrey, Nikolas McGrady, John McNeely, Mary Stewart, Derek Tolbert, Derek Trenar, Ashley Umberger, Benjamin Watkins and Roberta Webb (collectively the "Defendants"), by counsel, and file this Answer to the Plaintiff's First Amended Complaint ("Complaint"). In response to the allegations in the Complaint, the Defendants state as follows:

1.      The Defendants deny the allegations in the first paragraph of the first section of the Complaint, labelled "INTRODUCTION," and demand strict proof thereof.

2.      The second paragraph of the first section of the Complaint, labelled "INTRODUCTION," contains legal conclusions to which no response is required from the Defendants. To the extent that a response is required, however, the Defendants deny the allegations contained in this Paragraph.

3.      The Defendants deny the allegations in the third paragraph of the first section of the Complaint, labelled "INTRODUCTION," and demand strict proof thereof..

4.     The fourth paragraph of the first section of the Complaint, labelled "INTRODUCTION," contains legal conclusions to which no response is required from the Defendants. To the extent that a response is required, however, the Defendants deny the allegations contained in this Paragraph.

5.     Paragraphs 1 through 3 of the Complaint sets forth Plaintiff's jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court and to which no answer is required from the Defendants. To the extent that a response is required, the Defendants do not contest jurisdiction and venue.

6.     The Defendants lack sufficient information to admit or deny the specific allegations in Paragraphs 4 through 6 of the Complaint and, therefore, deny the same and demand strict proof thereof.

7.     As to the allegations contained in Paragraph 7 of the Complaint, Defendants admit that Twin County Regional Healthcare is a hospital in Galax, Virginia. The Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 7 of the Complaint and, therefore, deny the same and demand strict proof thereof. Furthermore, the document referenced in Footnote 1 speaks for itself, and the Defendants deny any allegations that contradict it.

8.     The Defendants lack sufficient information to admit or deny the specific allegations in Paragraphs 8 through 9 of the Complaint and, therefore, deny the same and demand strict proof thereof.

9.     No response is required from the Defendants to the allegations in Paragraph 10 of the Complaint.

10.     The Defendants admit the allegations contained in Paragraph 11 of the Complaint to the extent that Karl R. Hade currently serves as the Executive Secretary for the Office of the Executive

Secretary of the Virginia Supreme Court. The Defendants, however, lack sufficient information to admit or deny the specific allegations in Paragraph 11 regarding the Office of the Executive Secretary assisting with *Americans with Disabilities Act* accommodations for public programs and services of Magistrate judges of the Commonwealth of Virginia and, therefore, deny the same and demand strict proof thereof. Furthermore, the allegations in Paragraph 11 cite to Virginia Code § 17.1-315, which speaks for itself. The Defendants deny any allegations that contradict it.

11.     The Defendants admit the allegations contained in Paragraph 12 of the Complaint. Furthermore, the referenced Virginia Code § 19.2-35 speaks for itself, and the Defendants deny any allegations that contradict it.

12.     The Defendants admit the allegations contained in Paragraph 13 of the Complaint. Furthermore, the document referenced in Footnote 2 speaks for itself, and the Defendants deny any allegations that contradict it.

13.     Paragraph 14 of the Complaint contains legal conclusions to which no response is required from the Defendants. To the extent that a response is required, however, the Defendants deny the allegations contained in this Paragraph. Furthermore, the document referenced in Footnote 3 speaks for itself and the Defendants deny any allegations that contradict it.

14.     The Defendants lack sufficient information to admit or deny the specific allegations in Paragraph 15 of the Complaint and, therefore, deny the same and demand strict proof thereof. Furthermore, the document referenced in Footnote 4 speaks for itself and the Defendants deny any allegations that contradict it.

15.     The Defendants lack sufficient information to admit or deny the specific allegations in Paragraph 16 of the Complaint and, therefore, deny the same and demand strict proof thereof.

16.     As to the allegations contained in Paragraph 17 of the Complaint, Defendants admit that Kevin A. Kemp is the Sheriff for Carroll County. Furthermore, the Defendants admit the allegation in Paragraph 17 that Mr. Kemp oversees the Carroll County Sheriff's Office and its deputies. The Defendants deny the remaining allegations in Paragraph 17 of the Complaint.

17.     The Defendants admit the allegations contained in Paragraphs 18 through 20 of the Complaint that the referenced deputies have been employed by the Carroll County Sheriff's Office.

18.     The Defendants lack sufficient information to admit or deny the specific allegations in Paragraph 21 of the Complaint and, therefore, deny the same and demand strict proof thereof.

19.     As to the allegations contained in Paragraph 22 of the Complaint, the Defendants admit that Keith A. Musser, Christopher R. Mabry, and Anthony G. Horton were trained and employed by the Carroll County Sheriff's Office. The Defendants deny the remaining allegations in Paragraph 22 of the Complaint.

20.     Paragraph 23 of the Complaint contains legal conclusions to which no response is required from the Defendants. To the extent that a response is required, however, the Defendants deny the allegations contained in this Paragraph.

21.     As to the allegations contained in Paragraph 24 of the Complaint, the Defendants admit that the New River Regional Jail Authority operates the New River Valley Regional Jail, executes the policies and procedures of the New River Valley Jail, and oversees its deputies. The Defendants deny the remaining allegations in Paragraph 24 of the Complaint.

22.     As to the allegations contained in Paragraph 25 of the Complaint, the Defendants admit that the New River Valley Regional Jail, which is located in Dublin, Virginia, has employees, officers, or deputies, which have included Mary Stewart, Jolen Mabry, Roberta Webb, Derek Trenar, Nikolas McGrady, Justin Archer, Veronica Loop, Derek Tolbert, Brian Cotts, Melissa Edwards, John

McNeely, Ashley Umberger, Shaun Benzel, Benjamin Watkins. The Defendants lack sufficient information to admit or deny the specific allegations in Paragraph 25 of the Complaint regarding NRVRJ Officers 1, 2, and 3 and, therefore, deny the same and demand strict proof thereof. Furthermore, whether these defendants were acting under color of state law is a legal conclusion and question of law to be determined solely by the Court and to which no answer is required from the Defendants. To the extent that a response is required, however, the Defendants deny the allegations contained in this Paragraph. The Defendants deny the remaining allegations in Paragraph 25 of the Complaint.

23.     No response is required from the Defendants to the allegations in Paragraph 26 of the Complaint.

24.     The Defendants lack sufficient information to admit or deny the specific allegations in Paragraph 27 of the Complaint and, therefore, deny the same and demand strict proof thereof.

25.     No response is required from the Defendants to the allegations in Footnote 5 of the Complaint.

26.     The Defendants lack sufficient information to admit or deny the specific allegations in Paragraphs 28 through 48 of the Complaint and, therefore, deny the same and demand strict proof thereof.

27.     The Defendants lack sufficient information to admit or deny the specific allegations in Paragraph 49 of the Complaint and, therefore, deny the same and demand strict proof thereof. Furthermore, the document referenced in Footnote 6 speaks for itself, and the Defendants deny any allegations that contradict it.

28.     The Defendants lack sufficient information to admit or deny the specific allegations in Paragraphs 50 through 60 of the Complaint and, therefore, deny the same and demand strict proof thereof.

29.     As to the allegations contained in Paragraph 61 of the Complaint, Defendants admit that Carroll County Sherriff's Department deputies were contacted with regards to the Plaintiff. The Defendants deny the remaining allegations in Paragraph 61 of the Complaint.

30.     The Defendants admit the allegations contained in Paragraph 62 of the Complaint.

31.     As to the allegations contained in Paragraph 63 of the Complaint, the Defendants lack sufficient information to admit or deny the specific allegations regarding the Plaintiff's outstanding failure to appear and, therefore, demand strict proof thereof. Furthermore, Paragraph 63 contains legal conclusions to which no response is required from the Defendants. To the extent that a response is required, however, the Defendants deny the allegations contained in this Paragraph.

32.     As to the allegations contained in Paragraph 64 of the Complaint, Defendants admit that Carroll County Sherriff's Department deputies interacted with the Plaintiff on or about May 3, 2020. The Defendants deny the remaining allegations in Paragraph 64 of the Complaint.

33.     The Defendants lack sufficient information to admit or deny the specific allegations in Paragraphs 65 through 66 of the Complaint and, therefore, deny the same and demand strict proof thereof.

34.     As to the allegations contained in Paragraph 67 of the Complaint, Defendants admit that Carroll County Sherriff's Department deputies interacted with the Plaintiff on or about May 3, 2020. The Defendants deny the remaining allegations in Paragraph 67 of the Complaint.

35.     The Defendants admit the allegations contained in Paragraph 68 of the Complaint.

36.     The Defendants deny the allegations contained in Paragraphs 69 through 70 of the Complaint.

37.     As to the allegations contained in Paragraph 71 of the Complaint, Defendants admit only that the Plaintiff was assisted in exiting the police car. The Defendants deny the remaining allegations in Paragraph 71 of the Complaint.

38.     The Defendants deny the allegations contained in Paragraphs 72 through 74 of the Complaint.

39.     As to the allegations contained in Paragraph 75 of the Complaint, Defendants admit that a rubber carpet was used to safely assist the Plaintiff into the magistrate's office. The Defendants deny the remaining allegations in Paragraph 75 of the Complaint.

40.     As to the allegations contained in Paragraph 76 of the Complaint, Defendants deny that there was no reason to believe that the Plaintiff was under the influence of drugs. As to the remaining allegations contained in Paragraph 76, the Defendants lack sufficient information regarding the medications provided by the Medical Defendants and, therefore, deny the remaining allegations contained in Paragraph 76.

41.     As to the allegations contained in Paragraph 77 of the Complaint, Defendants admit that the Plaintiff claimed to not be able to use his legs. The Defendants, however, deny the allegations in Paragraph 77 that the Plaintiff requested medical attention.

42.     As to the allegations contained in Paragraph 78 of the Complaint, Defendants admit that a rubber carpet was used to safely assist the Plaintiff into the magistrate's office. The Defendants deny the remaining allegations in Paragraph 78 of the Complaint.

43.     The Defendants deny the allegations contained in Paragraph 79 of the Complaint.

44.     The Defendants deny the allegations contained in Paragraphs 80 through 81 of the Complaint.

45.     As to the allegations contained in Paragraphs 82 through 83 of the Complaint, Defendants admit that Carroll County Sherriff's Department deputies presented the Plaintiff before a magistrate on or about May 3, 2020. The Defendants deny the remaining allegations in Paragraphs 82 through 83 of the Complaint.

46.     The Defendants make no answer to the allegations contained in Paragraphs 84 through 87 as these allegations are not directed against them. To the extent that a response is required, however, the Defendants deny the allegations contained in these Paragraphs.

47.     The Defendants deny the allegations contained in Paragraphs 88 through 90 of the Complaint.

48.     The Defendants admit the allegations contained in Paragraph 91 of the Complaint.

49.     The Defendants deny the allegations contained in Paragraphs 92 through 97 of the Complaint.

50.     The Defendants deny the allegations contained in Paragraphs 98 through 101 of the Complaint.

51.     With regards to the allegations in Paragraph 102 of the Complaint, the Defendants admit that the Plaintiff was transported to the New River Valley Regional Jail. The Defendants, however, lack sufficient information to admit or deny the remaining allegations in Paragraphs 102 and, therefore, deny the same and demand strict proof thereof.

52.     Defendants deny the allegations contained in Paragraphs 103 through 110 of the Complaint.

53.     The Defendants lack sufficient information to admit or deny the specific allegations in Paragraphs 111 through 117 of the Complaint and, therefore, deny the same and demand strict proof thereof.

54.     Defendants deny the allegations contained in Paragraphs 118 through 121 of the Complaint.

55.     The Defendants lack sufficient information to admit or deny the specific allegations in Paragraphs 122 through 123 of the Complaint and, therefore, deny the same and demand strict proof thereof.

56.     As to the allegations contained in Paragraph 124 of the Complaint, Defendants admit that a nurse provided medical attention to the Plaintiff on or about May 3, 2020. The Defendants deny the remaining allegations in Paragraph 124 of the Complaint.

57.     The Defendants lack sufficient information to admit or deny the specific allegations in Paragraph 125 of the Complaint and, therefore, deny the same and demand strict proof thereof.

58.     With regards to the allegations in Paragraph 126 of the Complaint, the Defendants admit that the Plaintiff was transported to both Carilion New River Valley Medical Center and Carilion Roanoke Memorial Hospital. The Defendants, however, lack sufficient information to admit or deny the remaining allegations in Paragraphs 126 and, therefore, deny the same and demand strict proof thereof.

59.     The Defendants lack sufficient information to admit or deny the specific allegations in Paragraphs 127 through 142 of the Complaint and, therefore, deny the same and demand strict proof thereof.

60.     Defendants deny the allegations contained in Paragraph 143 of the Complaint.

61.     The Defendants lack sufficient information to admit or deny the specific allegations in Paragraph 144 of the Complaint and, therefore, deny the same and demand strict proof thereof. The Defendants deny their behavior caused Plaintiff any harm or damage.

62.     In response to the allegations contained in Paragraph 145 of the Complaint, the Defendants incorporate their responses to the preceding Paragraphs.

63.     Paragraph 146 of the Complaint contains legal conclusions to which no response is required from the Defendants. To the extent that a response is required, however, the Defendants deny the allegations contained in this Paragraph. Furthermore, the allegations in Paragraph 146 cite to 42 U.S.C. § 1983, which speaks for itself. The Defendants deny any allegations that contradict it. The Defendants further deny that the Plaintiff is entitled to any relief under the referenced statute.

64.     Paragraphs 147 through 158 of the Complaint contain legal conclusions to which no response is required from the Defendants. To the extent that a response is required, however, the Defendants deny the allegations contained in these Paragraphs.

65.     In response to the allegations contained in Paragraph 159 of the Complaint, the Defendants incorporate their responses to the preceding Paragraphs.

66.     Paragraphs 160 through 170 of the Complaint contain legal conclusions to which no response is required from the Defendants. To the extent that a response is required, however, the Defendants deny the allegations contained in these Paragraphs.

67.     Defendants deny the allegations contained in Paragraphs 171 through 173 of the Complaint.

68.     Paragraphs 174 through 176 of the Complaint contain legal conclusions to which no response is required from the Defendants. To the extent that a response is required, however, the Defendants deny the allegations contained in these Paragraphs.

69.     Paragraph 177 of the Complaint contains legal conclusions to which no response is required from the Defendants. To the extent that a response is required, however, the Defendants deny the allegations contained in this Paragraph. Furthermore, the allegations in Paragraph 177 reference the Fourteenth Amendment of the United States Constitution, which speaks for itself. The Defendants deny any allegations that contradict it. The Defendants further deny that the Plaintiff is entitled to any relief under the referenced Amendment.

70.     In response to the allegations contained in Paragraph 178 of the Complaint, the Defendants incorporate their responses to the preceding Paragraphs.

71.     Paragraph 179 of the Complaint contains legal conclusions to which no response is required from the Defendants. To the extent that a response is required, however, the Defendants deny the allegations contained in this Paragraph. Furthermore, the allegations in Paragraph 179 reference the Fourteenth Amendment of the United States Constitution, which speaks for itself. The Defendants deny any allegations that contradict it. The Defendants further deny that the Plaintiff is entitled to any relief under the referenced Amendment.

72.     Paragraphs 180 through 181 of the Complaint contain legal conclusions to which no response is required from the Defendants. To the extent that a response is required, however, the Defendants deny the allegations contained in these Paragraphs.

73.     Defendants deny the allegations contained in Paragraphs 182 through 183 of the Complaint.

74.     Paragraph 184 of the Complaint contains legal conclusions to which no response is required from the Defendants. To the extent that a response is required, however, the Defendants deny the allegations contained in this Paragraph.

75.     Defendants deny the allegations contained in Paragraphs 185 through 188 of the Complaint.

76.     Defendants deny the allegations contained in Paragraph 189 of the Complaint. Furthermore, Paragraph 189 of the Complaint contains legal conclusions regarding notice requirements to which no response is required from the Defendants. To the extent that a response is required, however, the Defendants deny these allegations contained in this Paragraph.

77.     Paragraph 190 of the Complaint contains legal conclusions to which no response is required from the Defendants. To the extent that a response is required, however, the Defendants deny the allegations contained in this Paragraph

78.     Defendants deny the allegations contained in Paragraph 191 of the Complaint.

79.     Paragraphs 192 through 193 of the Complaint contain legal conclusions to which no response is required from the Defendants. To the extent that a response is required, however, the Defendants deny the allegations contained in these Paragraphs.

80.     The Defendants lack sufficient information to admit or deny the specific allegations in Paragraphs 194 through 197 of the Complaint and, therefore, deny the same and demand strict proof thereof.

81.     Defendants deny the allegations contained in Paragraph 198 of the Complaint.

82.     In response to the allegations contained in Paragraph 199 of the Complaint, the Defendants incorporate their responses to the preceding Paragraphs.

83.     Defendants deny the allegations in Paragraph 200 of the Complaint that the Plaintiff has stated a cause of action against any Carroll County Sheriff's deputy.

84.     The Defendants lack sufficient information to admit or deny the specific allegations in Paragraphs 201 through 202 of the Complaint and, therefore, deny the same and demand strict proof thereof.

85.     The Defendants lack sufficient information to admit or deny the specific allegations in Paragraph 203 of the Complaint and, therefore, deny the same and demand strict proof thereof. Furthermore, the allegations in Paragraph 203 cite to 42 U.S.C. §12102, which speaks for itself. The Defendants deny any allegations that contradict it. The Defendants further deny that the Plaintiff is entitled to any relief under the referenced statute.

86.     Paragraph 204 of the Complaint contains legal conclusions to which no response is required from the Defendants. To the extent that a response is required, however, the Defendants deny the allegations contained in this Paragraph. Furthermore, the allegations in Paragraph 204 cite to 42 U.S.C. § 12182, which speaks for itself. The Defendants deny any allegations that contradict it. The Defendants further deny that the Plaintiff is entitled to any relief under the referenced statute.

87.     Paragraph 205 of the Complaint contain legal conclusions to which no response is required from the Defendants. To the extent that a response is required, however, the Defendants deny the allegations contained in this Paragraph. Furthermore, the allegations in Paragraph 205 cite to 42 U.S.C. § 12181(7)(F), which speaks for itself. The Defendants deny any allegations that contradict it. The Defendants further deny that the Plaintiff is entitled to any relief under the referenced statute.

88.     Paragraphs 206 through 208 of the Complaint contain legal conclusions to which no response is required from the Defendants. To the extent that a response is required, however, the Defendants deny the allegations contained in these Paragraphs.

89.     Paragraph 209 of the Complaint contain legal conclusions to which no response is required from the Defendants. To the extent that a response is required, however, the Defendants deny

the allegations contained in this Paragraph. Furthermore, the allegations in Paragraph 209 cite to 42 U.S.C. § 12132, which speaks for itself. The Defendants deny any allegations that contradict it. The Defendants further deny that the Plaintiff is entitled to any relief under the referenced statute.

90.     Paragraph 210 of the Complaint contain legal conclusions to which no response is required from the Defendants. Furthermore, the allegations in Paragraph 210 cite to 42 U.S.C. § 12131, which speaks for itself. The Defendants deny any allegations that contradict it. The Defendants further deny that the Plaintiff is entitled to any relief under the referenced statute.

91.     The Defendants lack sufficient information to admit or deny the specific allegations in Paragraph 211 of the Complaint and, therefore, deny the same and demand strict proof thereof.

92.     Paragraphs 212 through 214 of the Complaint contain legal conclusions to which no response is required from the Defendants. To the extent that a response is required, however, the Defendants deny the allegations contained in these Paragraphs.

93.     In response to the allegations contained in Paragraph 215 of the Complaint, the Defendants incorporate their responses to the preceding Paragraphs.

94.     Paragraphs 216 through 217 of the Complaint contain legal conclusions to which no response is required from the Defendants.

95.     The Defendants lack sufficient information to admit or deny the specific allegations in Paragraphs 218 through 219 of the Complaint and, therefore, deny the same and demand strict proof thereof.

96.     The Defendants lack sufficient information to admit or deny the specific allegations in Paragraph 220 of the Complaint and, therefore, deny the same and demand strict proof thereof. Furthermore, the allegations in Paragraph 220 cite to 42 U.S.C. §12102, which speaks for itself. The

Defendants deny any allegations that contradict it. The Defendants further deny that the Plaintiff is entitled to any relief under the referenced statute.

97.     The Defendants lack sufficient information to admit or deny the specific allegations in Paragraphs 221 through 222 of the Complaint and, therefore, deny the same and demand strict proof thereof.

98.     Paragraphs 223 through 228 of the Complaint contain legal conclusions to which no response is required from the Defendants.

99.     In response to the allegations contained in Paragraph 229 of the Complaint, the Defendants incorporate their responses to the preceding Paragraphs.

100.     Paragraph 230 of the Complaint contain legal conclusions to which no response is required from the Defendants.

101.     The Defendants lack sufficient information to admit or deny the specific allegations in Paragraphs 231 through 232 of the Complaint and, therefore, deny the same and demand strict proof thereof.

102.     Paragraph 233 of the Complaint contain legal conclusions to which no response is required from the Defendants.

103.     The Defendants lack sufficient information to admit or deny the specific allegations in Paragraph 234 of the Complaint and, therefore, deny the same and demand strict proof thereof.

104.     Paragraphs 235 through 237 of the Complaint contain legal conclusions to which no response is required from the Defendants.

105.     In response to the allegations contained in Paragraph 238 of the Complaint, the Defendants incorporate their responses to the preceding Paragraphs.

106.     Paragraph 239 of the Complaint contain legal conclusions to which no response is required from the Defendants.

107.     Paragraph 240 of the Complaint contains legal conclusions to which no response is required from the Defendants. Furthermore, the allegations in Paragraph 240 cite to Virginia Code § 8.01-581.1, which speaks for itself. The Defendants deny any allegations that contradict it. The Defendants further deny that the Plaintiff is entitled to any relief under the referenced statute.

108.     The Defendants lack sufficient information to admit or deny the specific allegations in Paragraph 241 of the Complaint and, therefore, deny the same and demand strict proof thereof. Furthermore, the allegations in Paragraph 241 cite to Virginia Code § 8.01-581.1, which speaks for itself. The Defendants deny any allegations that contradict it. The Defendants further deny that the Plaintiff is entitled to any relief under the referenced statute.

109.     Paragraphs 242 through 251 of the Complaint contain legal conclusions to which no response is required from the Defendants.

110.     In response to the allegations contained in Paragraph 252 of the Complaint, the Defendants incorporate their responses to the preceding Paragraphs.

111.     Paragraph 253 of the Complaint contains legal conclusions to which no response is required from the Defendants.

112.     As to the allegations contained in Paragraph 254 of the Complaint, Defendants admit that certain Defendants touched the Plaintiff.

113.     Defendants deny the allegations contained in Paragraphs 255 through 257 of the Complaint.

114.     Paragraph 258 of the Complaint contains legal conclusions to which no response is required from the Defendants. To the extent that a response is required, however, the Defendants deny the allegations contained in this Paragraph.

115.     In response to the allegations contained in Paragraph 259 of the Complaint, the Defendants incorporate their responses to the preceding Paragraphs.

116.     Paragraph 260 of the Complaint contains legal conclusions to which no response is required from the Defendants.

117.     Paragraph 261 of the Complaint contains legal conclusions to which no response is required from the Defendants. To the extent that a response is required, however, the Defendants deny the allegations contained in this Paragraph.

118.     As to the allegations contained in Paragraph 262 of the Complaint, the Defendants admit that Carroll County Sheriff's Office deputies took the Plaintiff into custody. The Defendants deny the remaining allegations in Paragraph 262 of the Complaint.

119.     Defendants deny the allegations contained in Paragraphs 263 through 264 of the Complaint.

120.     Paragraph 265 of the Complaint contains legal conclusions to which no response is required from the Defendants. To the extent that a response is required, however, the Defendants deny the allegations contained in this Paragraph.

121.     In response to the allegations contained in Paragraph 266 of the Complaint, the Defendants incorporate their responses to the preceding Paragraphs.

122.     Paragraphs 267 through 268 of the Complaint contain legal conclusions to which no response is required from the Defendants.

123.    Defendants deny the allegations contained in Paragraphs 269 through 271 of the Complaint.

124.    In response to the allegations contained in Paragraph 272 of the Complaint, the Defendants incorporate their responses to the preceding Paragraphs.

125.    Paragraph 273 of the Complaint contains legal conclusions to which no response is required from the Defendants.

126.    Paragraph 274 of the Complaint contains legal conclusions to which no response is required from the Defendants.

127.    Defendants deny the allegations contained in Paragraph 275 of the Complaint.

128.    Paragraphs 276 of the Complaint contains legal conclusions to which no response is required from the Defendants.

129.    Defendants deny the allegations contained in Paragraph 277 of the Complaint.

130.    Paragraphs 278 of the Complaint contains legal conclusions to which no response is required from the Defendants.

131.    Defendants deny the allegations contained in Paragraphs 279 through 281 of the Complaint.

132.    Paragraph 282 of the Complaint contains legal conclusions to which no response is required from the Defendants. To the extent that a response is required, however, the Defendants deny the allegations contained in this Paragraph.

133.    In response to the allegations contained in Paragraph 283 of the Complaint, the Defendants incorporate their responses to the preceding Paragraphs.

134.    Paragraph 284 of the Complaint contains legal conclusions to which no response is required from the Defendants.

135.    Paragraph 285 of the Complaint contains legal conclusions to which no response is required from the Defendants

136.    Defendants deny the allegations contained in Paragraphs 286 of the Complaint.

137.    The Defendants admit in part and deny in part the allegations contained in Paragraph 287 of the Complaint. The Defendants admit that Carroll County Sherriff's deputies are trained law enforcement. The Defendants, however, deny the remaining allegations in Paragraph 287.

138.    The Defendants lack sufficient information to admit or deny the specific allegations in Paragraph 288 of the Complaint and, therefore, deny the same and demand strict proof thereof.

139.    As to the allegations contained in Paragraph 289 of the Complaint, the Defendants admit that Carroll County Sheriff's Office deputies took the Plaintiff into custody. The Defendants deny the remaining allegations in Paragraph 289 of the Complaint.

140.    Paragraph 290 of the Complaint contains legal conclusions to which no response is required from the Defendants. To the extent that a response is required, however, the Defendants deny the allegations contained in this Paragraph.

141.    Defendants deny the allegations contained in Paragraphs 291 through 293 of the Complaint.

142.    The Defendants deny any and all allegations contained in the Complaint that are not expressly admitted herein.

143.    The Defendants deny that Plaintiff is entitled to any relief under any legal or equitable theory.

144.    Defendants deny that they are liable to Plaintiff for the reasons set forth in the Complaint or for any other amounts or reasons whatsoever.

145.    Defendants cannot be held liable by virtue of the doctrines of sovereign, qualified, governmental, and/or good faith immunity.

146.    The injuries, losses, or damages complained of by the Plaintiff, if any, resulted from the conduct, errors, acts, or omissions of third parties over which Defendants did not have authority or control. Defendants cannot be held liable for the alleged conduct, errors, acts, or omissions of third parties over which they had no authority or control, and any conduct, errors, acts, or omissions by such third parties cannot be imputed to Defendants.

147.    Plaintiff's alleged damages, if any, were caused by superseding or intervening causes unrelated to Defendants.

148.    Defendants aver that they acted lawfully and with legal justification at all times referenced in the Complaint.

149.    Defendants aver that their conduct, at all times referenced in the Complaint, was in good faith and reasonable under the circumstances.

150.    The Complaint fails to state a claim upon which relief can be granted.

151.    Plaintiff has failed to allege sufficient facts to state claims for excessive use of force against the Plaintiff, violation of the Plaintiff's substantive due process, violation of the Plaintiff's procedural due process, violation of the Plaintiff's rights under the *Americans with Disabilities Act*, battery, assault, negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress.

152.    Plaintiff has failed to allege sufficient facts to state a claim for punitive damages.

153.    To the extent that punitive damages are alleged against the Defendants, the imposition of punitive damages would violate the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution.

154.     Plaintiff's claim for punitive damages is capped by the statutory limitations on such damages, including without limitation the limitation contained in Virginia Code § 8.01-38.1.

155.     The Defendants reserve the right to rely on all other affirmative defenses that may arise from pre-trial discovery or the evidence at trial, including but not limited to, failure to state a claim, statute of limitations, and failure to mitigate damages.

WHEREFORE, the Defendants, Carroll County Sheriff Kevin A. Kemp, Keith A. Musser, Christopher R. Mabry, Anthony G. Horton, New River Valley Regional Jail Authority, Justin Archer, Shaun Benzel, Brian Crotts, Melissa Edwards, Veronica Loop, Jolene Mabrey, Nikolas McGrady, John McNeely, Mary Stewart, Derek Tolbert, Derek Trenar, Ashley Umberger, Benjamin Watkins and Roberta Webb, respectfully request that the Complaint be dismissed as against them and that they be awarded their costs associated with this litigation and such other relief as the Court deems appropriate.

Respectfully submitted,

CARROLL COUNTY SHERIFF KEVIN A. KEMP, KEITH A. MUSSER, CHRISTOPHER R. MABRY, ANTHONY G. HORTON, NEW RIVER VALLEY REGIONAL JAIL AUTHORITY, JUSTIN ARCHER, SHAUN BENZEL, BRIAN CROTTS, MELISSA EDWARDS, VERONICA LOOP, JOLENE MABREY, NIKOLAS MCGRADY, JOHN MCNEELY, MARY STEWART, DEREK TOLBERT, DEREK TRENAR, ASHLEY UMBERGER, BENJAMIN WATKINS, AND ROBERTA WEBB

/s/ Matthew J. Schmitt
Christopher S. Dadak (VSB #83789)
Matthew J. Schmitt (VSB #96513)
GUYNN, WADDELL, CARROLL & LOCKABY, P.C.
415 S. College Avenue
Salem, Virginia 24153
Phone: 540-387-2320
Fax: 540-389-2350
Email:  christopherd@guynnwaddell.com
            matts@guynnwaddell.com
*Counsel for CCSO Defendants and NRVRJ Defendants*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 5th day of May, 2023, I electronically filed the foregoing

using the CM/ECF system which will send notification of such filing to:

Aderson Francois, Esq.
Lucia Goin, Esq.
Marissa K. Hatton, Esq.
CIVIL RIGHTS CLINIC
GEORGETOWN UNIVERSITY
LAW CENTER
600 New Jersey Avenue NW, Suite 352
Washington, DC 20001
Aderson.Francois@georgetown.edu
Lucia.Goin@georgetown.edu
Marissa.Hatton@georgetown.edu
*Counsel for Plaintiff*

Joshua Erlich, Esq.
THE ERLICH LAW OFFICE, PLLC
2111 Wilson Blvd. #700
Arlington, VA 22201
jerlich@erlichlawoffice.com
*Counsel for Plaintiff*

Sheri H. Kelly, Esq.
Assistant Attorney General
Office of the Attorney General
204 Abingdon Place
Abingdon, VA  24211
skelly@oag.state.va.us
*Counsel for Defendants Karl R. Hade and Jeffrey L. Wright, Magistrate*

Coreen A. Silverman, Esq.
Sara K. Bugbee, Esq.
Hancock, Daniel & Johnson, P.C.
4701 Cox Road, Suite 400
Glen Allen, VA 23060
csilverman@hancockdaniel.com
sbugbee@hancockdaniel.com
*Counsel for Defendants DLP Twin County Regional Healthcare, LLC;*
*Crystal N. Coleman, RN; Laura B. Leonard, RN; and Teresa L. White, RN*

Laura A. Weipert, Esq.
Littler Mendelson, P.C.
1800 Tysons Boulevard, Suite 500
Tysons Corner, VA 22102
lweipert@littler.com
*Counsel for Defendant Twin County Regional Healthcare*

C. Eric Stevens, Esq.
Littler Mendelson, P.C.
333 Commerce Street, Suite 1450
Nashville, TN 37201
estevens@littler.com
*Counsel for Defendant Twin County Regional Healthcare*

Brandy Burnette Balding, Esq.
Hancock, Daniel & Johnson, P.C.
208 Sunset Drive, Suite 354
Johnson City, TN 37604
bbalding@hancockdaniel.com
*Counsel for Defendant Twin County Regional Healthcare*

/s/ Matthew J. Schmitt
Christopher S. Dadak (VSB #83789)
Matthew J. Schmitt (VSB #96513)
GUYNN, WADDELL, CARROLL & LOCKABY, P.C.
415 S. College Avenue
Salem, Virginia 24153
Phone: 540-387-2320
Fax: 540-389-2350
Email: christopherd@guynnwaddell.com
        matts@guynnwaddell.com
*Counsel for CCSO Defendants and NRVRJ Defendants*